<div align="right">ALBANY,<br>October, 1823</div>

<div align="right">Abernathy<br>v.<br>Abernathy.</div>

<div align="center">Motion denied.</div>

---

<div align="center">ÁBERNATHY <i>against</i> ÁBERNAṬHY.</div>

ASSUMPSIT, by payee against maker, on three promissory notes ; the first, dated Feb. 21st, 1816, for $200 ; the second, April 19th, 1819, for $39 50; and the third, Jan. 1st, 1820, for $28.   The plaintiff's proof, on the trial, was, that the note of $39 50, was given on a full settlement of accounts between the parties.

The defendant proved a promissory note of $600, given by the plaintiff to him, dated Nov. 5th, 1816 ; that when this was given, the note of $200 was paid, and the plaintiff, not having it present, agreed to destroy it ; but nothing was claimed to be due on the other note for $600, which was introduced merely as a part of the transaction, and to show a payment of the note of $200.   Payment by the defendant

<div style="float:right;width:30%;">In an action of assumpsit, brought in this court, if the plaintiff recover $50 only, he is not entitled to costs, but must pay costs to the defendant. And the costs, on motion, will be set off against the plaintiff's damages.
If in an action in this court, the accounts of the parties, proved at the trial, exceed $400,</div>

and the plaintiff recover a sum not exceeding $50, whether he is entitled to costs, or must pay costs to the defendant ?   *Quære.*

The proviso to the 1st section of the $50 act, which denies jurisdiction to a justice of the peace, of matters of account, when the sum total of the accounts of both parties, &c., amounts to $400, extends to those accounts, only, which are open and unliquidated between the parties.

When they have been settled, the balance alone is the account between them.   And unless this balance, with the other accounts, exceed $400, a justice has jurisdiction.   Accounts, as used in the proviso to the 1st section of the $25 act, have the same import as in the proviso to the 1st section of the $50 act.

So in the proviso to the 5th section of the act concerning costs.

Accordingly, where on the trial of a cause at the circuit, the plaintiff proved a note of $200 against the defendant, who then proved a note of $600 against the plaintiff, and that, when the latter was given, the plaintiff agreed to destroy the former ; but the defendant claimed nothing as due upon the latter ; *held,* that neither of these notes could be considered accounts between the parties ; and the paintiff having recovered $50 upon other claims ; *held,* farther, that if the plaintiff could be entitled to costs in this court, on the ground that the accounts of both parties, proved at the trial, amounted to $400, neither of the said notes could be considered as part of such accounts.

of $50, on a bond given by the plaintiff, to a third person, was also proved, but disallowed as a set off, because no request, by the plaintiff, to pay it was proved. The defendant then proved a set off of $24, for boarding the plaintiff and the jury found for the plaintiff for $50.

*Sudam*, in behalf of the defendant, moved for costs, to be set off against the damages of the plaintiff. He cited 1 R. L. 387, Laws, N. Y. sess. 41, ch. 94, s. 1 & 5. 1 R. L. 344, s. 5.

*Ruggles*, contra, moved to enter a suggestion on record, that the demands of the parties, proved at the trial, exceeded $400; and that costs be allowed the plaintiff. He said, the case comes within the 1st section of the $50 dollar act. The 1st section of the 25 dollar act denies jurisdiction to a Justice where the demands of the parties exceed $200; and the 5th section of the act concerning costs, (1 R. L. 344,) accordingly, gives the plaintiff costs in the Common Pleas, when the accounts between the parties exceed that sum, and the plaintiff's demand is reduced by payments or discounts to less than 25 dollars. The 1st section of the 50 dollar act, denies jurisdiction to the Justice, where the accounts of the parties exceed $400. Under the 5th section of the act concerning costs, the plaintiff was confined to the Common Pleas; but this is virtually repealed by the 5th section of the 50 dollar act. This section provides that if the plaintiff, in any Court of Record, recover less than 50 dollars, he shall not recover costs, if the suit might have been brought before a Justice. It may be contended, that the case is not within the 4th section of the act concerning costs. (1 R. L. 344.) But that never was intended of a case, which was not cognizable before a Justice; otherwise there would be instances, in which, though a Justice has no jurisdiction, the plaintiff can have no costs in any other Court. The statute should be so construed, as to avoid this absurdity. Wherever a justice has no jurisdiction, the Court will give costs, and by a corresponding rule of construction, will deny them when the Justice has jurisdiction. These

are rules, which this Court has frequently acted upon, in suits against attorneys. (*Varian* v. *Ogilvie*, 3 John. Rep. 450. *Moulton* v. *Hubbard*, 6 id. 332. *Bailey's Case*, 1 John. Cas. 32. *Willot* v. *Star*, 8 John. Rep. 123. *Walsh* v. *Sackrider*, 7 id. 537. *Foster* v. *Garnsey*, 13 id. 465.)

*Sudam*, in support of his own motion, and in reply to Mr. *Ruggles*. The inquiry is, simply, whether a plaintiff, re-covering 50 dollars only, in this Court, is entitled to his costs. No question can arise upon the *proviso* in the 1st section of the 25 or 50 dollar acts. The provisions of the two acts are in *pari materia*, and no doubt, the latter must bear the same construction, as to costs, where $400 are in-volved, as the former, where $200 were in question. In each case, the Justice is without jurisdiction, but the plain-tiff must go to the Common Pleas. Will the Court make a difference between the cases, by saying that the 5th section of the 50 dollar act impliedly repeals the 4th section of the statute of costs ? There is nothing like a repeal of the latter section, and in this Court, the plaintiff must still pay costs, ac-cording to its provisions. The 5th section of the 50 dollar act has contributed to vary the rule of costs in the Common Pleas only. Where the plaintiff, in that Court, now recovers more than 25, but less than 50 dollars, though he has no costs, neither does he pay costs to the defendant. Such I under-stand to have been the decision of this Court—a decision, which presupposes the 5th section of the statute of costs in full force, and without interfering with the 4th section of that statute, gives the proper effect to the 5th section of the 50 dollar act. The phraseology, in the 5th section of both these statutes, shows, that the one in the 50 dollar act was passed in reference to the one in the statute of costs. In the latter, it is, that the plaintiff shall not recover any costs, but shall pay costs. In the former, he shall not recover any costs; but it does not compel him to pay any. Thus all these provisions stand together, each having a different ef-fect, according to the several objects for which they were passed. The plaintiff seeks costs upon a constructive right to them, but his title cannot be allowed on this ground. He

must show an express provision. Statutes giving costs are penal, and cannot be extended by construction. (Bac. Ab Statute, (I.) p. 390. 2 Dunl. Pr. 710.)

*Ruggles*, in reply. The distinction, which would confine the plaintiff to the Court of Common Pleas, in order to avoid paying costs, is not well founded. The 5th section of the 50 dollar act provides for the cases excepted in the 5th section of the statute of costs, and evidently means to give the plaintiff costs, when he recovers any thing in a Court of Record; provided, the action could not have been brought in a Justice's Court. It contains a provision, in this respect, inconsistent with the 4th section of the statute of costs, and so far is a repeal of that section. Thus taken out of the operation of the 4th section, the case comes within the first section of the same statute which gives costs to the plaintiff, whenever he recovers any thing.

*Curia.* On looking into the case, we find it unnecessary to determine, whether, within the several statutory provisions, examined on the argument, the plaintiff would have been entitled to costs, had his claim been reduced to 50 dollars, by reason of payment, discount or set off. The 600 dollar note was not produced by way of set off, and the $200 note was merged in the one of $600, which was admitted to have been settled and paid; so that, in truth, the recovery was a balance, upon the notes of $39 50 and $28, which the plaintiff recovered, after deducting the set off of $24 dollars for board. The three last claims, alone, were in question upon the trial. The only ground on which it was contended, that a Justice wanted jurisdiction, was, that the demands of both parties exceeded $400. This is answered by its turning out, that the two large notes were not subsisting demands, and constituted no part of the amount between the parties. This brings the amount in controversy, below 100 dollars. The account intended by the statute must be subsisting, unliquidated accounts. So far as they have been settled, and a balance struck upon them, that balance can alone be properly considered the account between the parties. The case is clearly with·

in the 4th section of the statute concerning costs. The plaintiff can take nothing by his motion, which is denied with costs; and the motion, in behalf of the defendant, is granted with costs.