WILLIAM M. HOWITT, Appellant, *v.* ISAIAH M. MERRILL, Impleaded, etc., Respondent.

*Court of Appeals, March* 26, 1889.

Dismissing Ap., 49 Hun, 608.

1. *Attorney's lien. Waived.*—The lien of an attorney upon his client's cause of action and judgment, prescribed by section 66 of the Code, may be waived or lost by the conduct of the attorney.
2. *Same. Practice.*—Whether, in the enforcement of such a lien, relief should be given against a fraudulent satisfaction thereof by the client, upon a summary application by motion, or upon action brought, is within the discretion of the supreme court, subject to no interference by an appellate tribunal.

Appeal from an order of the general term of the supreme court, affirming an order denying a motion to vacate the satisfaction of judgment in the action to the extent of the attorney's costs.

*Charles R. Hall,* for appellant.

*Thomas W. Fitzgerald,* for respondent.

DANFORTH, J.—On the 24th day of May, 1881, the plaintiff, by Van Name, his attorney of record, obtained judgment against the defendant for $230 damages and $107.86 costs and disbursements. On the 14th of April, 1882, the defendant paid the plaintiff $150, and took from him a satisfaction piece. Both plaintiff and defendant refuse to pay the attorney his costs in this action, and the attorney in his own behalf moved the court to set aside " the satisfaction of the judgment to the extent of the costs and disbursements." At special term the motion was opposed by affidavits and was denied by the court. Upon appeal, the general term affirmed the order.

The plaintiff's lien upon the cause of action and the judgment is undoubted (Code, § 66), but the lien might be waived or lost by the conduct of the attorney, and whether, assuming its existence, relief should be given against a fraudulent satisfaction, upon a summary application by motion, or upon action brought, was within the discretion of the supreme court, subject to no interference by an appellate tribunal. Here the appeal in both courts, was by the plaintiff in the action and his attorney jointly. If the motion papers are to be credited, it might easily be held that the plaintiff colluded with the defendant, and for aught that appears, the supreme court thought it expedient to leave the attorney to assert his right, if any he had, by action.

The appeal should therefore be dismissed.

All concur.

---

### NOTE ON "ATTORNEY'S LIEN."

The charging lien of an attorney is now prescribed and defined by the provisions of section 66 of the Code. This section reads as follows:

Section 66.—The compensation of an attorney or counsellor for his services is governed by agreement, express or implied, which is not restrained by law. From the commencement of an action or the service of an answer containing a counterclaim, the attorney who appears for a party has a lien upon his client's cause of action or counterclaim, which attaches to a verdict, report, decision or judgment in his client's favor, and the proceeds thereof in whosoever hands they may come; and cannot be affected by any settlement between the parties before or after judgment.

The reported cases, under this section and the corresponding section of the former Code, are herein collated, and the principles governing the effect and enforcement of the lien enunciated.

*Nature.*—There are many cases where the court has permitted the attorney to proceed for the purpose of collecting his costs. It is impossible to ascertain precisely when this practice commenced, nor how it originated, nor upon what principle it was based. It was not upon the principle of a lien, because an attorney had no lien upon the cause of action, before judgment, for his costs; nor was it upon the principle that his services had produced the money paid his client upon the settlement, because that could not be known, and in fact no money might have been paid upon the settlement; it was based upon no principle, but was a mere arbitrary exer-

cise of power by the court; not arbitrary in the sense that it was unjust or improper, but in the sense that it was not based upon any right or principle recognized in other cases. Coughlin v. N. Y. C. & H. R. R. R. Co., 71 N. Y. 443.

After judgment, the attorney who had procured it has a lien upon it for his costs. This lien was upheld upon the theory that the services and skill of the attorney had secured the judgment. There is then something upon which the lien can attach, and the courts upheld the lien by an extension to such cases of the principle which gives a mechanic a lien upon a valuable thing which, by his skill and labor, he has produced. Id.; Ward v. Syme, 9 How. 16. If notice was given of this lien, then the defendant in the judgment could not defeat it by a clandestine or collusive payment to the plaintiff.

Before the former Code, there was no case where the lien was upheld for more than the taxable costs. Now it is held that after judgment an attorney may have a lien thereon for any compensation which his client has agreed to pay him. Id.; Rooney v. Second Ave. R. R. Co., 18 N. Y. 368; McGregor v. Comstock, 28 Id. 237; Ely v. Cooke, Id. 365; Marshall v. Meech, 5 Id. 140; Wright v. Wright, 70 Id. 98.

A person owning a judgment for the recovery of money may give his attorney, or any other person, by agreement, rights and equitable interests therein, which the defendant therein charged with notice must regard. So, if the cause of action before judgment is in its nature assignable, the owner of it may assign and, by agreement, create a legal and equitable interest therein; and such agreement may now be made with his attorneys as well as other persons; and, when such interests have been created and notice given of them, they must be respected. But before judgment, in the absence of any agreement, the attorney did not have, prior to 1879, any lien upon, or interest in, the cause of action. And when the cause of action was by its nature not assignable, the party owning it could not by any agreement give his attorney or other person any interest therein. Coughlin v. N. Y. C. & H. R. R. R. Co., ante.

It is a general rule that parties to an action may settle the same without the intervention of the attorney. Generally, a plaintiff who has a cause of action against the defendant may release and discharge it on such terms as are agreeable to him. This he may do while the action is pending; and, after judgment, he may cancel and discharge the judgment. In all this, he generally infringes upon no privilege and violates no right of his attorney. Coughlin v. N. Y. C. & H. R. R. R. Co., ante. But since the time of Lord Mansfield, it has been the practice of courts to intervene to protect attorneys against settlements made to defraud them of their costs. If an attorney has commenced an action, and his client settles it collusively with the opposite party before judgment, to deprive him of his costs, the court will permit him to go on with the suit for the purpose of collecting

Note on " Attorney's Lien."

his costs. Id.; Talcott *v*. Bronson, 4 Paige, 501; Rosquin *v*. Knickerbocker Stage Co., 13 Abb. 324; Ward *v*. Syme, *ante*.

In Root *v*. Van Duzen, 32 Hun, 63, actions were commenced for the recovery of damages for the wrongful conversion of personal property, and were settled by the parties before the service of an answer. The attorney for the plaintiff desired to proceed with the actions notwithstanding such settlement, on the ground that it was made without his concurrence. The settlements were not collusive or fraudulent as against the attorney for the plaintiff, but were mutually satisfactory to the parties. It was held that parties to an action may settle and adjust the same without the intervention of their attorneys in the absence of fraud or collusion.

· Before the amendment of 1879, a party who had not obtained a judgment could settle a suit, though it might prejudice the possibility, or even probability, that his attorney might obtain his costs by a future trial, and a judgment in favor of his claim. Shank *v*. Shoemaker, 18 N. Y. 489.

The lien of an attorney, under an agreement that he shall be repaid all disbursements, is confined to technical disbursements as set forth in § 3256 of the Code, and does not include a sum paid to counsel. Hanover *v*. Reynolds, 4 Dem. 385.

Where a party to a partition suit and his attorney agree at the commencement of the suit that the compensation of the latter is to be a specified amount of the money to be derived from the sale of the client's interests in the property partitioned, the attorney has, upon the fund so created, for the amount of his compensation, a lien, which takes precedence of an assignment of the client's interest in the suit made during its pendency. Boyle *v*. Boyle, 23 W. Dig. 346; Rooney *v*. Second Ave. R. R. Co., *ante;* Brown *v*. Mayor, etc., 9 Hun, 587; Sherwood *v*. B. & N. Y. C. R. R. Co., 12 How. 136; Haight *v*. Holcomb, 16 Id. 160.

*Extent.*—An attorney has no general lien upon an uncollected judgment in other suits, but only a particular lien for his costs and compensation in the particular cause. Matter of Wilson & Greig, 2 N. Y. C. P. 343.

An attorney's lien, as now generally recognized, is of two kinds ; a general lien resting wholly upon possession, which is a mere right to retain, until his whole bill is paid, all papers, deeds, vouchers, etc., in his possession, upon which, or in connection with which, he has expended money or given his professional services. Matter of Wilson & Greig, *ante*. This retaining lien is a general one for whatever may be due to him. And, though a client may change his attorney at will, if the latter is without fault and willing to proceed in pending causes, none of the papers or vouchers can ordinarily be withdrawn from him, except upon payment of his entire · bill for professional services. Id. This lien, like other mere possessory liens, is purely passive, being a mere right to hold possession till payment.

The articles cannot be sold or parted with without loss of the lien, nor can any active proceedings be taken at law or in equity to procure payment of the debt out of the articles so held. Id. Chapter 738, Laws of

1869, which was designed to afford means of realizing payment upon such mere possessory liens, applies only to liens upon any chattel property. Mere choses in action, such as notes or demands, are not such property. Ingalls v. Lord, 1 Cow. 240 ; Ransom v. Miner, 3 Sandf. 692, and, therefore, not within the statute. As this general lien of the attorney upon notes and demands in suit depends wholly upon possession, and is a mere right of retention, incapable of any active proceedings to enforce payment, it cannot be transferred, nor does it attach to the judgments obtained upon them, or to any proceeds thereof, unless such proceeds come into attorney's possession.

Chap. 738, Laws of 1869, was repealed by section 45, chap. 145, Laws of 1880, and sections 1737 to 1741 of the Code are a substitute for it.

The second kind of lien which an attorney had was that existing upon a judgment recovered by him, or moneys payable thereon, or upon some fund in court. This lien, so far as it extended, was not merely a passive lien, but entitled the attorney to take active steps to secure payment. It did not exist at common law, nor depend upon possession, but upon the favor of the court in protecting attorneys as its own officers, by taking care, ex œquo et bono, that a party should not run away with the fruits of the cause, without satisfying the legal demands of the attorney by whose industry and expense those fruits were obtained. As this equitable right rests solely upon the compensation due to the attorney for his services, and money expended in procuring the judgment or the fund secured, it is manifest that it cannot be extended beyond the services and expenses in the suit itself, or in any other proceedings by which the judgment or fund has been recovered, or in the same subject matter.

In Phillips v. Stagg, 2 Ed. Ch. 108, the vice-chancellor said that the attorney's lien is not to extend beyond the costs in the action. He cannot claim the amount of other costs due him in other suits at law.

In Adams v. Fox, 40 Barb. 442, it was held that the lien on the judgment was confined to the costs of the particular suit, and the attorney could actively enforce it.

In St. John v. Diefendorf, 12 Wend. 261, this question was decided adversely to the attorney's lien. The plaintiff's attorney in that case, having recovered a judgment, gave notice to the defendant to pay the damages, as well as the costs, to him, on the ground that he had a demand against his client, for costs in other suits, to an amount equal to the damages. The court held that the attorney had no lien upon his client's money, before it comes into his hands, to satisfy a demand he has against his client for costs in other suits. He has no lien upon anything which belongs to his client, until it is in his possession.

Most of the cases in which a lien upon the judgment is recognized, are cases where the claim was for costs of that particular action in which the motion was made. Bowling Green Sav. Bank v. Todd, 64 Barb. 146. In this case the court held that the rule is equally well settled as to any claim

which the attorney has for his services, and attaches as well to the proceeds of the judgment as to the papers on which the judgment is founded; but no authorities for this last proposition can be found. So far as respects a general lien upon a judgment or fund in court, the authorities are all to the contrary. Where an attorney has collected money for his client, and no rights of third parties have intervened through assignment, death or bankruptcy, he may doubtless offset his general bill. Patrick v. Hazen, 10 Vt. 184; Matter of Wilson & Greig, ante. In the case of the Bowling Green Sav. Bank v. Todd, ante, the appointment of a receiver before the collection of the moneys prevented any legal right of set-off. The moneys were collected by the attorneys upon the employment, and as the attorneys, of the receiver. And in the case of Schwartz v. Jenny, 21 Hun, 33, the moneys were collected upon the employment, and as the attorneys, of the assignee. But in neither of these cases was the distinction noted, which has been so long established, between a mere retaining lien upon the papers in the possession of an attorney, which is general but purely passive, and his charging lien, upon a judgment or fund recovered, which is limited to services in the cause, but capable of being actively enforced. Matter of Wilson & Greig, ante.

In Rooney v. Second Ave. R. Co., ante; Ely v. Cooke, ante; Dunkin v. Vandenburgh, 1 Paige, 626, and in many other cases, the attorney has been regarded as an equitable assignee of the judgment to the extent of his demands in the cause. Prior to the adoption of the Code of Civil Procedure, the extent of this lien was limited to the taxable costs. The Code has made no other change than to extend the lien to any agreed or deserved compensation. Marshall v. Meech, ante; Haight v. Holcomb, 7 Abb. 310; Ackerman v. Ackerman, 14 Id. 229.

In Marshall v. Meech, ante, the court said that the attorney has a lien for his costs and compensation upon the judgment recovered by him.

Such a lien existed before the Code, and is not affected by any of its provisions. It exists not only to the extent of the costs entered in the judgment, but for any sum which the client agrees his attorney should have as a compensation for his services. To the amount of such lien, the attorney is to be deemed an equitable assignee of the judgment.

In Wright v. Wright, ante, the court said that the attorney had a lien for the amount of his costs and agreed compensation upon the judgment, and to that extent may be regarded as an equitable assignee of the judgment. See also Ward v. Syme, ante.

In Matter of Knapp, 35 N. Y. 284, the court said that the lien of the attorney upon a judgment recovered by him is upheld upon the theory that his services and skill procured it; Coughlin v. N. Y. C. & H. R. R. R.Co., ante, thus reaffirming the only ground upon which this lien has ever been put, and which, while it explains the reason for the lien, also necessarily limits it to the services and charges in the same action. In Coughlin v. N. Y. C. & H. R. R. R. Co., ante, it is declared that no new rule was

enunciated in Bowling Green Sav. Bank *v.* Todd, *ante,* where it was said that the lien of the attorney attaches to the money recovered or collected upon the judgment.

Was the doctrine to be recognized, that attorneys have a general lien for all their professional services upon each and every uncollected judgment, which they might have obtained in behalf of a client, through an indefinite period, very great confusion and inconvenience would be the necessary results. Neither principle nor authority can sanction an increase in the amount of a lien upon an uncollected judgment through subsequent services in independent matters. Matter of Wilson & Greig, *ante.* § 66 of the Code, which gives an attorney a lien upon his client's cause of action from its commencement, refers to his services and charges in the cause itself, and no more, and does not affect the questions here discussed. Id.

An attorney's lien is not a joint lien, and is confined to a judgment in the very action in which the compensation was earned for which the lien is claimed. Williams *v.* Ingersoll, 89 N. Y. 508 ; Phillips *v.* Stagg, *ante ;* St. John *v.* Diefendorf, *ante ;* Adams *v.* Fox, *ante.* The theory upon which the lien is upheld is that the attorney has, by his skill and labor, obtained the judgment, and that consequently he should have a lien thereon for his compensation, in analogy to the lien which a mechanic has upon any article which he manufactures. When, therefore, an attorney has several actions, and recovers judgment in but one of them, he cannot, in the absence of a special agreement, have a lien upon that judgment for his compensation in all the actions. Williams *v.* Ingersoll, *ante.*

Under § 66 of the Code, as amended in 1879, the plaintiff's attorney has a lien upon the actual cause of action, whether in tort or on contract, for the whole compensation to which he is entitled for his services in the suit. Whittaker *v.* N. Y. & H. R. R. R. Co., 18 Abb. N. C. 11 ; Albert R. Palmer Co. *v.* Van Orden, 64 How. 79 ; 49 Super. 89. The cases of McCabe *v.* Fogg, 60 How. 488, and Quincy *v.* Francis, 6 Abb. N. C. 286, were decided under the old Code and before the amendment of § 66 of the present Code.

The extent of the compensation of the attorney for his services is governed by the agreement existing between him and his client ; and, if it is shown that all was just and fair, and that the client acted understandingly, the contract must be upheld and enforced, and the attorney's lien protected to the full extent, though by it his compensation may have been made contingent upon success, and payable out of the proceeds of the litigation. Whittaker *v.* N. Y. & H. R. R. Co., *ante ;* Forstman *v.* Schulting, 35 Hun, 504 ; Fowler *v.* Callan, 102 N. Y. 395; Haight *v.* Moore, 37 Super. 161 ; Allison *v.* Scheeper, 9 Daly, 265. See also Coughlin *v.* N. Y. C. R. R. Co., *ante ;* Tuttle *v.* Village of Cortland, 21 W. Dig. 528.

In Whittaker *v.* N. Y. & H. R. R. Co., *ante,* a verdict of $10,000 was rendered for the plaintiff in an action for damages for a personal injury. After such recovery and before entry of judgment thereon, the counsel

who tried the case, by agreement with the plaintiff and his attorney, was substituted as the attorney of record, and thereafter acted as such in entering judgment and upon appeal. An agreement was made between him and the plaintiff and his former attorney that the latter should receive $5,000 and interest and costs as compensation for his services in the suit. Of this agreement the plaintiff never complained, but steadily insisted upon it in favor of the attorney. And it was held that this agreement could not be pronounced unfair, and that the defendant could not claim the contrary, in case he settled with the plaintiff directly, after express notice of the contract, and of the precise amount of the lien.

In this case, the satisfaction of the judgment had been entered upon a satisfaction-piece executed by the plaintiff to the defendant after notice to the latter of the lien, without the attorney's knowledge. And it was held that the satisfaction must be vacated and set aside, upon motion of the attorney, leaving the judgment to stand for the amount of his lien, with liberty to him to prosecute a pending appeal taken by defendant from the judgment, and in the event of the affirmance of the judgment, to enforce the same to the extent of his rights in the same manner as though no settlement between the plaintiff and the defendant had been made.

An attorney has no right to reserve or retain moneys to secure the payment of any damages arising out of the failure of his client to perform his contract; but he is entitled to retain the amount due to him for the services performed and the disbursements made in the legal proceedings, for which he has not already been compensated. Matter of Lorillard *v.* Barnard, 42 Hun, 545; affirmed 105 N.Y. 682. It has been the object of the law to maintain, in the attorney's favor, a lien or right of detention of his client's papers and moneys, until he shall be paid what the latter has become legally bound to pay him for his services and disbursements. This lien or right of detention is not to be restricted to the services performed and disbursements made in the action in which the judgment itself has been recovered. The case of Williams *v.* Ingersoll, 89 N. Y. 508, does not establish the contrary of this proposition; the decision does not proceed to that extent. It was considered and held in that case that the lien of an attorney upon the judgment itself is confined to the services and disbursements in the action and to a sufficient amount secured by it to satisfy the lien. But the point was not before the court, whether the attorney, after he had collected the judgment and had the money in his possession. would, or would not, be entitled to retain it until his entire account for services and disbursements in other legal proceedings should be settled by the party otherwise entitled to receive the money. This is a very different question from the one which was decided and settled in that case, for it depends upon the obligation of the attorney to surrender what he has actually become possessed of, belonging to his client, without his other legal claims being liquidated or settled.

As to the papers which may pass into his possession, this general lien or

right of detention has been uniformly maintained by the authorities.   To a great extent, it has been made dependent on the fact of possession; and the possession of the client's funds would seem to be within the control of the same principle.  In St. John *v.* Deifendorf, *ante*, it was stated, in the course of the opinion, that the attorney would have this right of detention, of whatever belonged to his client, after it had lawfully passed into the possession of the attorney.

The distinction is taken between the right of the attorney to charge a judgment by way of lien, and of retaining that of which he may have become possessed, by the permission and authority of the client.   In the former case, the lien will not extend beyond compensating the attorney for his services and disbursements in recovering the judgment; in the latter, the money or papers in the possession of the attorney may be retained for a general balance of his account for services and disbursements.   In the one case, the fund was in the attorney's hands, and the law of lien properly applies, and the attorney can charge for his general balance.   In the other case, the fund is not yet recovered, and the attorney, not having the fund in hand, is restricted to a lien for statutory fees.   The decision in Matter of Knapp, 85 N. Y. 284, proceeded upon this distinction.   In this case, it was said that the fact that an attorney has a lien for his costs and charges upon deeds or papers, or upon moneys received by him on his client's behalf, in the course of his employment, is not doubted, nor does it stand upon questionable foundation.   And, as far as the case of Bowling Green Sav. Bank *v.* Todd, *ante*, goes, it sanctions this principle, which is entirely distinguishable from that which was considered and applied in the decision of Williams *v.* Ingersoll, *ante.*

The rule, as maintained by these authorities, is, that where the attorney has lawfully acquired the possession of the papers or money of his clients under the authority of the latter, he shall not be obliged by the order of the court to surrender either until his just demands against the client for services and disbursements have been settled and paid.   Matter of Lorillard *v.* Barnard, *ante.*

It was held in Bowling Green Sav. Bank *v.* Todd, *ante*, that an attorney has a lien upon a bond and mortgage in his hands for foreclosure, not only for the costs and charges in the suit, but for any sum due him from the owner for other professional business, and this lien attaches to moneys collected or received upon the judgment.   But one member of a firm of attorneys has no lien for an individual demand upon such papers received by his firm.   The lien of the attorney continues throughout and includes all the remedies open to the party.

In Levis *v.* Burke, 51 Hun, 71, on the argument of the appeal from the county court, the plaintiff produced a stipulation signed by the defendant in person, consenting that the action and appeal might be discontinued and dismissed, without costs to either party, and that an order to that effect might be entered.   The court disregarded the stipulation and reversed the judgment.   From this judgment an appeal was taken to the general term.

The judgment in the county court seems to have been rendered upon the assumption that the attorney for the defendant had a lien for his costs, which entitled him to prosecute the appeal for their recovery, notwithstanding the settlement of the controversy by the parties; but that assumption was not well founded. The statute gives to the attorney for either party a lien from the commencement of an action, or the service of an answer containing a counterclaim, only upon his client's cause of action or counterclaim as the case may be.

In Pierson v. Safford, 30 Hun, 521, the court held that a counterclaim consisting of a cause of action in favor of defendant, upon which he might recover an affirmative judgment, was necessary to bring the case within the provision of § 66 of the Code, and that a set-off, though pleaded as a counterclaim which could be applied only in reduction of the plaintiff's recovery, did not constitute a counterclaim within the meaning of the above section, to which the lien of the attorney could attach. The decision in that case affirmed an order of the special term denying a motion of the defendant's attorney to set aside a settlement made by the parties and an order of discontinuance, and for leave to continue the action to judgment for the purpose of protecting his own rights therein.

In Quinlan v. Birge, 43 Hun, 483, the court held that, even in case of an affirmative cause of action, the attorney could not prosecute the action after a settlement made by the parties before judgment, verdict or decision, except by leave of the court, on notice to all the parties interested, and on showing that the settlement was intended, or would have the effect, to defraud the attorney of his costs, and that they could not be collected from his own client, or out of the fund received in settlement of the action to which his lien already attached. In Levis v. Burke, ante, the defendant had no counterclaim even in name; indeed, he had interposed no answer to the plaintiff's complaint, and under the decision in Pierson v. Safford, ante, the attorney had no lien for his costs before judgment.

In Pierson v. Safford, ante, the defendant was solvent and able pecuniarily to respond for whatever compensation the appellant was entitled to as the attorney of the defendant in the action. The settlement complained of was made before judgment, and not collusively or with intent to defraud the appellant. It was held that the appellant had no footing which gave him a right to set aside the settlement and to continue the action for the purpose of collecting his costs, unless the case was within the provision of the Code which gave an attorney a lien upon the cause of action before judgment.

In this case the action is ejectment. The plaintiff, in his complaint, demanded judgment for the possession of the premises described therein, and damages for withholding the same. Under § 1531 of the Code, one of the defendants set up in her answer what she has termed a counterclaim to the damages demanded in the complaint, consisting of taxes paid, and improvements and repairs made, on the premises, to be set off in extinguish-

ment or reduction of any claim for damages which the plaintiff may recover in the action. And it was held that the answer did not present a counterclaim, within the meaning of § 66 of the Code, to which the lien of the attorney could attach. A cause of action is essential to constitute a counterclaim as defined by the Code. See § 501. In this case there is no cause of action and no claim which is or can be the subject of affirmative belief. The claim set up is only available to meet or reduce any demands for damages which the plaintiff may recover; and, if the plaintiff makes no claim for damages at the trial, or establishes none, the claim set up by the defendant goes for naught. In no event can there be an affirmative recovery by the defendant, and, consequently, there is nothing involved in the action upon which the defendant's attorney can have a lien for costs.

In Spors *v.* Shultheis, 55 Hun, 603, plaintiff's attorney had obtained for him three judgments upon notes of defendant's husband. The defendant gave her note in satisfaction, which included $40, which was the amount of the lien of the attorney in the former actions and the original indebtedness of her husband, and judgments were entered against her on said notes. Plaintiff, without the consent of his attorney, discharged the judgments; but, on motion of the attorney, they were restored to the extent of his lien. And it was held that, to the extent of the costs of the first actions, the attorney owned the right of action as represented by the new note taken from the defendants, and the right of the attorney could not be defeated by any action of the plaintiff.

It seems to be established that parties have a perfect right to settle suits, even though the attorney does not give consent, and an executed settlement is binding upon the parties to it. Stahl *v.* Wadsworth, 13 N. Y. C. P. 32; Coughlin *v.* N. Y. C. & H. R. R. R. Co., *ante;* Root *v.* Van Duzen, 32 Hun, 63.

Under the former Code, and under the present Code, previous to the amendment of 1879 to § 66 of the Code, an attorney's lien only attached to the judgment obtained in the action, but it was broad enough to cover not only taxable costs, but any agreed compensation between the attorney and client. Stahl *v.* Wadsworth, *ante*; Rooney *v.* Second Ave R. R. Co., *ante.*

In the Matter of Knapp, *ante*, it was held that an attorney has a lien for his compensation for professional services, and for disbursements, upon moneys received by him on his client's behalf in the course of his employment; and that this right of lien is not affected by the fact that the client is an executor and the services were rendered, and moneys received on behalf of the estate; nor is it confined to moneys recovered by judgment.

In the case of Rooney *v.* Second Ave. R. R. Co., *ante*, it was agreed between the plaintiff and his attorney, that the latter should commence and prosecute the action to his final termination, without fee and at his own risk; and upon its final success, he should receive for his services one-half of the recovery, and if the amount should not exceed six hundred dollars, he

was also to have the taxable costs. The plaintiff gave the attorney an irrevocable power to receive the amount of the recovery. The court of appeals held in this case that the attorney had a lien upon the judgment recovered by him for his services, and that the legal measure of these services was the taxable costs. Therefore, it always happens that the extent of the lien is equal to the costs recovered in the action.

But the attorney, independent of any agreement, has a lien upon the judgment recovered, for his costs, to the extent of the amount thereof; and it is competent for the attorney and client to fix a larger or different amount of compensation, and the right of the attorney, under such agreement, will be protected. Ely *v.* Cooke, *ante.*

Under the old Code, the lien of an attorney for compensation did not exist before verdict or judgment, except on the papers in his hands. It was only in the case of a settlement privately effected between the parties with the design of defrauding the attorney that the court could insist upon the payment to him of at least the taxable costs, before granting a discontinuance or leave to serve a supplemental answer showing settlement. McCabe *v.* Fogg, *ante;* Deitz *v.* McCallum, 44 How. 493. The present Code, as originally passed, did not change the law upon this point as it then stood, and Quincy *v.* Francis, 5 Abb. N. C. 286, is simply a decision to this effect. The amendment of § 66 of the present Code, passed in 1879, however, gives to the attorney of record, from the commencement of an action or the service of an answer containing a counterclaim, which attaches to a verdict, report, decision or judgment in his client's favor, and the proceeds thereof, in whosesoever hands they may come, and cannot be affected by any settlement between the parties before or after the judgment. McCabe *v.* Fogg, *ante.* But no new remedy is provided for the enforcement of the lien; and, in order to make it available in the case of a settlement before judgment, the attorney, while he need no longer prove fraud or collusion must still go on with the litigation until judgment, which is to be perfected for costs only.

Prior to the enactment of the first part of the Code of Civil Procedure an attorney in an action could not claim a lien for his services until he had obtained a verdict, or perhaps until the actual entry of a judgment in his client's favor. Matter of Hoyt, 5 Dem. 432; 12 N. Y. C. P. 208.

The lien of an attorney upon a judgment recovered in the courts of this state was formerly limited to his taxable costs; but, by the Code of 1848, an attorney's compensation was made to depend upon the contract, express or implied, between himself and his client; and his charging lien has since been held to cover his entire compensation for service in the action. This compensation, in the absence of a definite agreement as to its amount, has been measured by the reasonable value of such services. Id.

It is only, however, since § 66 of the Code was amended by chapter 542 of the Laws of 1879, that the lien of an attorney in a judicial proceeding

has extended to the cause of action, and has attached itself to such cause of action from the commencement of such proceeding. Prior to that time, the fact that an attorney had commenced a suit upon a retainer to prosecute it gave him no lien on what might be recovered in the event of its successful prosecution. Id.; Rooney *v.* Second Ave. R. R. Co. *ante;* Shank *v.* Shoemaker, *ante;* Pulver *v.* Harris, 52 Id. 73; Wright *v.* Wright, *ante;* Coughlin *v.* N. Y. C. & H. R. R. R. Co., *ante.*

Until the entry of judgment, a party might formerly have effected a settlement or compromise with the opposing party, without consulting his attorney, and such settlement or compromise the attorney would ordinarily have been powerless to prevent. Matter of Hoyte, *ante.*

This doctrine was subject to the limitation that any settlement so effected by the parties to an action, in fraud of an attorney conducting it, and with an intention of depriving him of his compensation, would be set aside, so as to allow him to proceed for the collection of his costs. Id.; Coughlin *v.* N. Y. C. & H. R. R. R. Co. *ante;* Talcott *v.* Browson, 4 Paige, 501; Ackerman *v.* Ackerman, 14 Abb. 229; Tullis *v.* Bushnell, 65 How. 456.

The character and extent of an attorney's lien are now defined by § 66 of the Code.

Before the Code, nothing was better settled than that the attorney had a lien upon the judgment recovered by him for his services. Rooney *v.* Second Ave. R. R. Co., *ante.* The lien is not more upon one part of the judgment than another. It was upon the whole judgment. Though it was equal to the costs embraced in the judgment, this was only because the legislature had thought fit to fix this amount as the limit of the compensation to which the attorney should be entitled.

This equitable right of the attorney, so long recognized and protected, has not been destroyed by anything that the legislature has done, in enacting the Code. The principle upon which the right has been sustained is certainly unaffected by it. All that it has done in this respect, is to remove the restriction upon the amount of the lien in limiting it to the taxable costs. The party recovered costs as before, but the amount of compensation which the attorney should receive was no longer limited. He might agree with his client, as he could not before, how much he should receive for his services. In other words, the attorney and his employer might fix beforehand the amount for which he should have a lien upon the judgment when recovered. When this was honestly and legally done, the defendant in the judgment was not allowed to intervene, and by a settlement with the party, with full knowledge of the claim of the attorney. aid him in depriving the attorney of what was justly due him.

The only operation of the former Code, in respect to costs, was, to substitute a new fee bill in the place of that which had before existed, and to leave the attorney free to agree with his client for a greater or less amount than that which he might recover, according to circumstances. But the lien of the attorney, upon the judgment he received, was unaffected by the

change. That right was a valid and established right to receive, out of the moneys to be collected on the judgment, the amount due him from his client for his services and expenses in obtaining it. In the absence of any agreement on the subject, the sum recovered by the party as an indemnity for his expenses, was the measure of compensation allowed to the attorney. But where there was an agreement for more or less than that sum, the amount which, by agreement, he was entitled to receive will determine the extent of his lien. A special agreement that will take the place of the pre-existing statutory rates, cannot affect the attorney's lien, where no special security is taken, and there is no assignment of the cause of action or of a part of it. Rooney *v.* Second Ave. R. R. Co., *ante.*

An attorney acquired a lien for his costs upon the recovery of a judgment; and, in case notice was given of such lien to the judgment debtor, the court would protect the lien against any payment made to the judgment debtor. Pulver *v.* Harris, *ante;* Martin *v.* Hawks, 15 John. 405. It would afford like protection to all parties who had acquired an interest in or lien upon the judgment. When it was held that an attorney had a lien for his costs, or for anything else, this protection followed as a matter of course. But retaining an attorney to prosecute an action, and its commencement by him, gave no lien upon what might, in the event of a trial, be recovered therein for the services rendered by the attorney. Pulver *v.* Harris, *ante;* Kirby *v.* Kirby, 1 Paige, 565 ; Shank *v.* Shoemaker, *ante.*

The costs of an action legally belong to the successful party. Davis *v.* Bowe, 26 W. Dig. 455 ; 48 Super. 215. But the attorney has a lien on them for the amount of his compensation, which may, or may not, exceed the amount of the costs as taxed. It is for this reason that the attorney is master of the judgment for costs and for the remedies given for its collection. Davis *v.* Bowe, *ante.*

Since the adoption of § 303 of the former Code, which section remaines virtually in force, the only measure of the compensation of an attorney for his services in an action, was the agreement, express or implied, between him and his client. McBratney *v.* R. W & O. R. R. Co., 17 Hun, 385 ; Rooney *v.* Second Ave. R. R. Co., *ante.* If there was an express agreement as to the amount of compensation, which was in all respects lawful and not oppressive towards the client, it controlled ; but in the absence of an express agreement, probably the sum recovered by the party as an indemnity for his expenses was the measure of compensation allowed to the attorney. But whatever was the measure of compensation, the attorney had no lien until judgment was recovered, and his lien then was upon the whole judgment, not upon one part more than another. Id.

There are many cases in the books where the courts have intervened prior to 1879, at the instance of the attorney, even before judgment, to set aside a collusive settlement intended to cheat him out of his costs. In the case of Coughlin *v.* N. Y. C. & H. R. R. R. Co., *ante,* it was said that the practice in those cases was not based upon the principle of a lien ; but it

was an exercise of the power of the court to protect its officers, adopted at a time when attorney's fees were fixed and definite sums, easily ascertained by taxation. It appeared in that case that, by agreement between the plaintiff and his attorney at the commencement of the action, the latter was to receive a share of any recovery therein for his services, and it was held that the practice above referred to should not be extended to that case, to enable the attorney to reap the benefit of his extraordinary agreement. It was also held that, as the cause of action was one which in its nature was not assignable, the attorney, by his agreement before judgment, acquired no interest therein. These conclusions were sanctioned by the previous case of Pulver *v.* Harris, 62 Barb. 500; affirmed 52 N. Y. 73.

§ 66 of the Code, as amended in 1879, is prospective only in its operations, and can have no effect upon a judgment previously recovered. Goodrich *v.* McDonald, 112 N. Y. 157.

*When none exists.*—A lien does not exist upon a judgment rendered in a court not of record, for services performed in such court in obtaining such judgment. Flint *v.* Van Dusen, 26 Hun, 606. In those courts there are no attorneys, in the sense in which that term is used in courts of record, Fox *v.* Jackson, 8 Barb. 355, and it is only in respect of the party's character of attorney or counselor, that the claim to a lien exists. Courts not of record, possessing only a limited jurisdiction, have no such equitable control over their judgments as will enable them to adjudicate upon and enforce liens thereon. No one will claim that a lien exists for services rendered by an attorney in a justice's court. Nor did any such lien exist for services rendered in a surrogate's court at a time when they were not courts of record. The fact that the statute making them courts of record was passed before the decree, on which the lien is claimed, was rendered, does not change the case, where the services on which the alleged claim is based were all rendered before the statute was passed. Flint *v.* Van Dusen, *ante.*

The latter clause of § 66 of the Code, providing that an attorney shall have a lien upon his client's cause of action or counterclaim, etc., does not apply to special proceedings in surrogates' courts. Smith *v.* Central Trust Co., 4 Dem. 75; Eisner *v.* Avery, 2 Id. 466; Ward *v.* Syme, *ante ;* Haight *v.* Holcomb, 16 Id. 173; Marshall *v.* Meech, *ante ;* Wright *v.* Wright, *ante ;* Coughlin *v.* N. Y. C. & H. R. R. R. Co. *ante ;* Flint *v.* Van Dusen, *ante.* A surrogate's court has no power to try the issue raised by an attorney's claim of a special contract for his compensation and the denial thereof by his client. Smith *v.* Central Trust Co., *ante.* There can be no lien for an attorney's compensation, beyond the taxed costs, based upon an agreement, express or implied, made after judgment. The law, fairly construed, gives none unless the agreement between attorney and client was made before, or pending, the action. Id.

An attorney's claim for services in procuring the probate of a will is against the executor personally, and he has no lien for the amount thereof

upon the property of the estate which may be in his possession. DeLama-
ter v. McCaskie, 4 Dem. 549.

But it is not fully settled whether an attorney for a party to a special
proceeding in a surrogate's court is entitled to the benefits of this provision
of the Code. It was held in Smith v. Central Trust Co., ante, that attorneys
conducting special proceedings in surrogates' courts were not so entitled.
But in an earlier case, Eisner v. Avery, ante, the contrary opinion was
intimated, and subsequently adhered to, though somewhat hesitatingly, in
Matter of Hoyt, ante.

In the latter case, the daughter and sole next of kin of the decedent,
while engaged in contesting the will, which constituted her a cestui qui
trust with an interest less than would belong to her in case the will was
refused probate, made application to the court for an allowance, pendente
lite, out of the income of the estate for her support. This application was
opposed by her attorney, who insisted upon the protection of his lien for
services rendered in the cause. And it was held that such lien, if any existed,
could attach only to the excess of contestant's interest in case intestacy
was decreed, over that passing to her under the will if sustained, and so
furnished no reason for refusing to grant the application to an extent not
exceeding the amount of the latter interest.

It was held in Eisner v. Avery, ante, that, under § 66 of the Code, giving
an attorney a lien for his services upon a judgment, etc., in his client's
favor and § 2 of the Code, declaring surrogates' courts to be courts of record,
an attorney for a party to a special proceeding in such a court can enforce
payment of his fees out of a sum decreed to be paid to his client.

The attorney for a person suing in forma pauperis never has a lien upon
his client's cause of action or counterclaim, nor can a valid agreement be
made between the poor person and his attorney for compensation to be paid
to the latter for his services. See § 460 of the Code. § 66 of the Code was
intended solely to give the attorney a lien upon his client's counterclaim or
cause of action for the sum which his client agreed, either expressly or by
implication, to pay him. It has no reference to a case in which there
neither is, nor can be, any agreement for compensation; and the right to
costs which the court may, under § 467 of the Code bestow upon the
attorney, is not, therefore, within the protection of § 66 of the Code.

In Hommeyer v. Beere, 13 N. Y. C. P. 169, an attorney prosecuted an
action for personal injuries for an indigent client under an agreement that
he should have one-half of the recovery and costs for his services. In the
prosecution of the action, he paid out $23 for disbursements and incurred
$50 for the services of counsel. After a recovery of judgment for $200
damages and $133 costs, he received $50 on account thereof. The plaintiff
subsequently accepted from the judgment debtor a note for $75, and, with-
out the attorney's knowledge, executed satisfaction of the judgment. On
a motion by the attorney to set aside the satisfaction so that he might en-
force his lien for compensation, it was held that the motion should be

granted. See Coster v. Greenpoint Ferry Co., 5 N. Y. C. P. 146; Ackerman v. Ackerman, 14 Abb. 229.

The plaintiff's attorney has no lien at the time of the trial of an action, where the cause of action is for personal injuries and is not assignable. The plaintiff cannot, by any arrangement with his lawyer, transfer any part of such a cause of action to him as against the defendant. Oliwill v. Verdenhalven, ante; Coughlin v. N. Y. C. R. R. Co. ante. In the event of a recovery and subsequent satisfaction, the agreement in such case may be good as between the attorney and client for the purpose of fixing as between them the amount of the attorney's compensation, but as against the defendant, prior to judgment, the arrangement, even followed by notice, imposes upon him no legal obligation.

Where the cause of action is of an assignable character, this rule is not applicable. Id.

§ 66 of the Code protects the legal lien of the attorney upon the cause of action. This presumptively is measured by the amount of his taxable costs. Where he claims a lien for a greater amount, he must protect it by notice. Id.

Where the cause of action is unassignable, the notice that part of it has been assigned amounts to this, that the attorney holds an agreement which, as against the defendant, gives him no rights and imposes on the latter no liabilities. The law does not discourage settlements in negligence cases, or in those involving personal controversies. Id. Cahill v. Cahill, 9 N. Y. C. P. 241. Whether a legal obligation exists, as well as its nature and amount, are, in such cases, all matters of uncertainty; and, if a defendant can buy his peace for a reasonable amount, he should not be prevented from doing so.

The plaintiff and defendant may, in such cases, come together and make terms, and the only risk the defendant runs is being obliged to pay the taxable costs, which he is generally willing to do. If the plaintiff breaks faith with his attorney, the latter, like other people, must seek redress from the defaulting party to the obligation.

But he should not be allowed to stand between two litigants and tell them to fight, when they have settled their grievance and do not desire to contest.

In Quinnen v. Clapp, 10 Abb. N. C. 394, note, an action was brought for assault and battery. Before trial the parties settled their differences, and the plaintiff gave a release under seal to the defendant. When the cause was reached in its order on the calendar, the counsel for the defendant said that the suit ought to be marked " settled." The attorney for the plaintiff objected on the ground that he had not been paid the taxable costs in the action. The plaintiff brought the action in the capacity of a poor person. And it was held that § 66 of the Code, which was intended to change the former law in certain cases, has no application to a case in which the plaintiff sues as a poor person. The attorney for such person has no right

whatever under §§ 460, 467 of the Code to compensation till his costs are awarded. In other words, his right does not attach, till the court has given its fiat that the poor person shall receive costs; and then he is entitled to no more than the court chooses to allow him as his share. But where the suit is settled by the parties before judgment, no costs are awarded to the poor person, and, therefore, there is nothing to be given to the attorney.

In Cahill v. Cahill, 9 N. Y. C. P. 241, an action was brought for personal injuries by reason of assault and battery. When the case was called for trial the plaintiff stated in open court that she had forgiven the defendant and wanted the further prosecution of the action stopped. The plaintiff's attorney insisted that the fight should go on to the end, so that he might get his taxable costs in case a recovery was had. And it was held that § 66 of the Code did not contemplate such a case. The cause of action is purely personal and not assignable, and a lien can hardly attach to it, until it has been established by verdict, when it becomes for the first time certain and vested. The parties to a mere personal controversy, should be allowed to settle their differences even without the concurrence of their attorneys. Ward v. Orton, 12 Abb. N. S. 444.

As a general rule an attorney has a lien for his costs upon any judgment obtained through his services, and this lien the courts will protect against any unfair dealing by the client with respect to the judgment or cause of action; but he has no lien upon a cause of action growing out of a libel for his services, in the action before judgment recovered. Quincy v. Francis, 5 Abb. N. C. 286; Pulver v. Harris, ante. The fact that the plaintiff had promised the attorney, before the action was commenced, that he should receive the damages to be recovered for his services in the action, creates no lien on the cause of action, and will not prevent the plaintiff from discontinuing the action, at any time before judgment, without the consent of the attorney. Quincy v. Francis, ante; Coughlin v. N. Y. C. & H. R. R. R. Co., 71 N. Y. 443; reversing 8 Hun, 136.

The fact that the defendant's attorney is not retained by the defendant in the suit but by the real party in interest, cannot defeat the lien of the attorney upon the judgment for costs. The acquiescence of the nominal defendant in the conduct of the suit by the attorney, for the benefit of the party in interest, will preclude him from insisting that the lien did not exist, and the opposite party in the action has no right to question it. McGregor v. Comstock, 28 N. Y. 237.

The lien of an attorney upon the judgment for costs is not affected by the fact that his client has made a general assignment for the benefit of creditors. Merchant v. Sessions, 5 N. Y. C. P. 24. The assignee's interest is subject to all equities existing in favor of the attorney. Id.; Ward v. Craig, 87 N. Y. 559. The lien may be enforced by supplementary proceedings. Merchant v. Sessions, ante; Russell v. Somerville, 10 Abb. N. C. 395.

Until the attorney's lien is asserted by the attorney, who alone is entitled

to and can claim it, the judgment is the property of the client, and th
for costs only, is subject to a levy under an attachment against a client.
Wehle *v.* Connor, 83 N. Y. 331.

In Attorney-General *v.* North-America L. Ins. Co., 93 N. Y. 387, pro-
ceedings were taken to wind up the affairs of an insolvent life insurance
company. A party was retained as attorney for certain policy-holders, and
appeared on their behalf. A dividend was declared to each of his clients.
He claimed a lien thereon for his services, and moved that the receiver be
required to pay such dividends to him. It did not appear that his appear-
ance was entered on the record, or that his clients were in any way made
formal parties to the proceedings as prescribed by § 1807 of the Code, or
that his services procured the dividends. The motion was denied unless
he should file with the receiver an authority to receive such dividends
signed by his clients.

Under such circumstances, it may be doubted whether, under § 66 of the
Code, or any rule of law, or the practice of the courts, he acquired any
lien which he could enforce against the dividend. But if he had acquired
such lien, it was not proper for the court to make an order practically en-
forcing the lien, without any notice to or hearing of his clients. It should
be enforced in a litigation with his clients by some form of proceeding in
which they could have an opportunity to defend.

If he has a lien, it is not a lien in gross on all the dividends for all his
services performed for all the policy holders, but he must have a separate
lien upon each dividend for the services rendered in respect to each policy.
And it would seem to be proper practice for him to make a motion, upon
notice to each policy holder, to have paid to him, in satisfaction of his lien,
so much of each dividend as would be sufficient for that purpose. Attorney-
General *v.* North America L. Ins. Co., *ante.*

*When lost.*—The right of an attorney to costs awarded in his client's
favor in an action is in no way dependent upon the continuance of the life
of his client, and is not extinguished by the abatement of the suit; Lachen-
meyer *v.* Lachenmeyer, 17 W. Dig. 310; and, in case of the death of his
client after the entry of a judgment for costs in his favor, he is entitled,
under § 779 of the Code, to issue an execution against the personal prop-
erty of the opposite party to collect such costs. Id.

When an attorney receives from his client shares of stock as security for
professional services, and upon demand of a receiver of his client's prop-
erty appointed in supplementary proceedings, delivers the same to said
receiver, with a written notice of his lien thereon, and takes a receipt
therefor, he does not thereby surrender or waive his lien. Corey *v.* Harte,
21 W. Dig. 247.

There is not such a voluntary, absolute and unqualified delivery of the
certificates by the attorney as will extinguish the lien. And, where the
receiver is about to sell the stock, it is proper for the court to order that

the receiver pay the proceeds into court to await the determination of a reference appointed to ascertain the amount of the lien.

By § 66 of the Code, an attorney has a lien upon his client's cause of action which attaches to the judgment in his favor, and the proceeds whereof in whosesoever hands they may come for the value of his services, and such lien cannot be affected by any settlement between the parties before or after judgment. Goodrich *v*. McDonald, 41 Hun, 235; Marshall *v*. Meech, *ante*.

This lien can exist without possession. There is a distinction between a general lien resting upon possession and giving the right to retain until the attorney's whole bill is paid, and the lien upon a judgment recovered by him or its proceeds, for the value of his services and expenses in recovering such judgment. The latter form of lien does not rest upon possession and can be actively enforced. The former cannot exist without possession, and the lien is not confined to a specific claim or debt. Matter of Wilson, *ante*.

Where, prior to the payment of the amount of the judgment to his client, the attorney had, under § 66 of the Code, a valid lien upon the judgment and its proceeds, this lien is not waived or lost by permission given by him to his client to receive the proceeds thereof upon their collection. Goodrich *v*. McDonald, *ante*. And where the client subsequently invests the proceeds in bond and mortgage or other securities, and assigns them to a third party, the assignee takes them subject to the attorney's lien, where he parts with no new consideration, or takes them with full knowledge of the attorney's equities, or takes them in bad faith with intent to hinder, delay and defraud the attorney out of his debt and lien. Id.

Where the right to recover the debt has been lost, the right to enforce an incidental lien existing for its payment will be lost with it. Reavey *v*. Clark, 56 Hun, 641; Borst *v*. Corey, 15 N. Y. 505.

§ 66 of the Code, by any construction which can be given to it, affords no support to the maintenance of an equitable action to enforce an attorney's lien. In Goodrich *v*. McDonald, 112 N. Y. 157, the remedies available to him were regarded as excluding the right to bring and maintain such an action. His lien was wholly confined to the judgment, and the proceeds of that judgment which might come into his hands or be subjected to his control. It did not extend to or include a mortgage received for the settlement of the demands in a creditor's suit. A further examination of the attorney's remedies was made in Randall *v*. Van Wagenen, 115 N. Y. 527, and the same inability to maintain an equitable action for enforcement of the lien was again asserted by the court. Reavey *v*. Clark, *ante*.

In this case plaintiff performed services as an attorney for the defendants, which resulted in the procurement of a judgment and the examination of the debtor in supplementary proceedings. Subsequently a creditor's action was brought on such judgment by another attorney, which resulted

in a mortgage to secure an amount accepted in satisfaction of the judg-
ment.    The plaintiff's services terminated in 1878, and this action was
brought in 1888.    And it was held that the plaintiff's remedy to re-
cover for his services was barred by lapse of time, and he could not main-
tain an action to enforce his lien against such mortgage.

While it is true as a general proposition that an attorney has a lien for
the satisfaction of his demand against his client upon the funds of the lat-
ter which may be received by him, he has no lien if these funds were placed
in his hands under an agreement inconsistent with the lien.   Matter of
Larner, 20 W. Dig. 73.    Where the money was delivered to him for a
specific purpose to which he had obligated himself to apply it, he has no
right to withhold it or arrest it because he has a bill for legal proceedings
against the person from whom he received it.   Id.

In each of the cases of Pulver v. Harris, and Coughlin v. N. Y. C. & H.
R. R. R. Co., *ante*, the fact was found that the settlement was made with
intent to defraud the attorney; but the court held that he had no interest
to be affected, and that the question of intent was immaterial.

Even though the attorney has a lien, it is questionable whether his as-
signment to a third person of a portion of the costs, *i.e.*, of his claim for
compensation for services, would not be an extinguishment or destruction
of the lien, at least *pro tanto*.   McBratney v. R. W. & O. R. R. Co., *ante*.
It is also questionable whether an agreement between the attorney and a
third person to divide the recovery between them would not have the
effect to release what might be recovered from the operation of the
attorney's lien.

In Howitt v. Merrill, 113 N. Y. 630, the plaintiff obtained judgment
against the defendant for $230 damages and $107.86 costs and disburse-
ments.    The defendant subsequently paid the plaintiff $150, and took from
him a satisfaction-piece.    The plaintiff and defendant both refused to pay
the plaintiff's attorney his costs in this action, and the attorney in his own
behalf moved the court to set aside the satisfaction of the judgment to the
extent of the costs and disbursements.    The special term denied the motion
and the general term affirmed the order.    It was held on appeal to the
court of appeals that the attorney's lien upon the cause of action and the
judgment is undoubted, but it may be waived or lost by his conduct; and
whether in case it existed, relief should be given against a fraudulent satis-
faction, upon a summary application by motion, or upon action brought,
is within the discretion of the lower court, subject to no interference by an
appellate tribunal.

In Stewart v. Steck, 43 Hun, 636, it was held that, where the attorney
has agreed to take his fees out of a fund to be recovered and the substitu-
tion of a new attorney is procured, the former retains his lien for services
upon the fund recovered on the termination of the litigation.

§ 66 of the Code, providing that an attorney has a lien upon his client's

cause of action, having been enacted in 1879, is not applicable to the case of an action discontinued by the parties in 1877. Neill *v.* Van Wagenen, 54 Super. 477.

The attorney's acquiescence in the discontinuance for about eight years, and the commencement of an action by him wherein he sues as his client's assignee of the same cause of action, constitute a bar to his motion to set aside the order of discontinuance. Id.

In Clare *v.* Lockhard, City Ct., Bklyn., Nov. 27, 1888, the court opened a default, upon condition that defendant Lockhard should pay the plaintiff herein certain costs and serve a stipulation not to dispose of a certain judgment against one Stegman, and making the judgment in this action a lien thereon. Lockhard paid the costs, signed and executed the stipulation, which was witnessed by Halpin and acknowledged by Lockhard before Halpin as a notary public. The stipulation was then served upon plaintiff. At that time and prior thereto, Halpin, as Lockhard's attorney, had a lien on the judgment against Stegmen for his fees and costs in prosecuting that action. And it was held that Halpin, by his conduct, had not estopped himself from asserting his lien against the claim of Clare's lien under the stipulation.

*Notice.*—The attorney who obtains a judgment has a lien upon it for the amount of his costs. McGregor *v.* Comstock, *ante;* Rooney *v.* Second Ave. R. Co., *ante.* Where the judgment is solely for costs the record is notice to all the parties to the action that the attorney who obtained the judgment has a lien upon it to the amount of the recovery. Haight *v.* Holcomb, *ante;* and the payment of the judgment to the client is in fraud of the rights of the attorney. Such payment by the party is in his own wrong, and is equivalent to paying to the assignor a debt which has been assigned, after notice of the assignment. Bradt *v.* Koon, 4 Cowen, 416; Martin *v.* Hawkes, *ante.*

An attorney has a lien for his services from the commencement of an action, which attaches to a verdict, or judgment, in his client's favor and cannot be affected by any settlement between the parties, before or after judgment. Kaufman *v.* Keenan, N. Y. City Ct., Oct. 26, 1888. No notice of lien on a judgment, which is exclusively for costs and disbursements, is required, as the record itself is sufficient notice of lien, Id.; Wright *v.* Fleming, 10 W. Dig. 450. The record of the judgment is notice to all the parties to the action, of the existence of such lien. Lesher *v.* Roessner, 3 Hun, 217. And such lien cannot be discharged by payment to any one but the attorney. Marshall *v.* Meech, *ante.*

Where the judgment is exclusively for costs and disbursements, the attorney has a lien on it for the full amount, and payment of it to his client is wrongful, for the record itself is notice to the adverse party of such lien. Wright *v.* Fleming, 10 W. Dig. 450; McGregor *v.* Comstock, *ante ;* Marshall *v.* Meech, *ante.*

In Lesher *v.* Roessner, 3 Hun, 217, it was held that, where a defendant

recovers a judgment for the costs of the action, his attorney has a lien. thereon to the amount of the recovery, and the record of the judgment is notice of the existence of such lien to all parties to the action.    McGregor *v.* Comstock, *ante.*

In Moloughney *v.* Kavanagh, 3 N. Y. C. P. 253, it was held that the attorney's lien existed upon the costs awarded, before the entry of the judgment; and that, where the order awarded costs only, he is not bound to give notice of the lien in order to protect his rights.

Moloughney *v.* Kavanagh, *ante,* was a case where an attempt was made to set off a judgment obtained in favor of the defendant against a judgment obtained in favor of the plaintiff, for costs.    The attorney for plaintiff claimed a lien upon the costs, which was upheld.    The court held that, as the judgment awarded costs only, no notice of lien was necessary to be given.    To the same effect is Naylor *v.* Lane, 5 N. Y. C. P. 149.    In Smith *v.* Baum, 67 How. 267, the New York City Court, at special term, held that the amendment gives notice of the lien which is presumptively the taxable costs, but not necessarily so; if more, it may be determined by the court, and judgment ordered; and that a settlement did not affect the lien. The court in this case stated that questions arising in enforcing an attorney's lien make it difficult to dispose of them by any fixed rule.

Unless the case of Coster *v.* Greenpoint Ferry Co., *ante,* was affirmed by the court of appeals, the weight of authority seems clearly to preponderate in favor of the construction that the amendment to § 66 of the Code does not change the rule, which requires notice of the attorney's lien to be given at least so far as his lien extends beyond the taxable costs.

§ 66 of the Code is explicit in regard to the lien of an attorney upon his client's cause of action for his services.    The amount of it is governed by agreement, express or implied, which is not restrained by law.    It attaches upon the service of the first pleading, and cannot be affected by any settlement between the parties before or after judgment.    Keeler *v.* Keeler, 51 Hun, 505.    No notice of lien need be given to the adverse party.    The statute makes the lien complete.    Payment in settlement of the cause of action to the party himself without notice to the attorney, and without affording him an opportunity for protection, unless he has waived his rights, cannot prejudice him.    Id.

The attorney's lien, for his whole compensation, attaches itself to the cause of action from the very commencement of the action, and also to the proceeds on any verdict, decision or judgment, in whosesoever hands they may come; and no settlement between the parties, whether after or before judgment, can affect this result.    Shaunessy *v.* Traphagen, N. Y. City Ct., Special Term, Mar. 13, 1888; Estate of Hoyt, 12 N. Y. C. P. 215; Veeder *v.* Baker, 83 N. Y. 160.    The record itself is now sufficient notice of the attorney's lien, without anything further.    Shaunessy *v.* Traphagen, *ante;* Lewis *v.* Day, 10 W. Dig. 49; Wright *v.* Fleming, Id. 450.    The attorney's notice in such case would be superfluous except as a statement, limiting

the extreme extent of the application of the lien and discharging the residue of the client's claim.

In Bailey *v.* Murphy, 51 Hun, 643, the plaintiff recovered a judgment for $1,000 damages and $132,92. The costs were not paid to the plaintiff's attorney, but the plaintiff settled the judgment for the sum of $300, under circumstances which justify the inference that the settlement was made to enable the defendant to remove the plaintiff as a witness against him upon an indictment pending. The judgment was not cancelled until after the plaintiff had absconded from the state. And it was held that a settlement does not destroy the lien of the attorney if made without his consent. Coster *v.* Greenport Ferry Co., 5 N. Y. C. P. 146; affirmed 98 N. Y. 660; Quinlan *v.* Birge, 43 Hun, 483. These cases which hold that notice of the lien as to compensation, in addition to the taxable costs, is necessary, all refer to a settlement in good faith.

Where the attorney has a contract for his compensation, it makes no difference whether the defendant knew, or did not know, of the existence of that contract and its terms. Washburn *v.* Mott, Supm. Ct. Circuit, Nov. 1890. The statute expressly provides that the lien of an attorney for his compensation cannot be affected by any settlement between the parties. Code Civ. Pro., § 66. Since its passage, which took place in 1879, it has been the law that no notice of the lien is required, and that the attorney is not affected by the payment of the amount due, nor by an executed settlement, nor by a payment and satisfaction of the judgment. Id.; Keeler *v.* Keeler, *ante;* Whittaker *v.* N. Y. & H. R. R. R. Co., *ante.*

The case of Randall *v.* Van Wagenen, *ante,* was decided upon a state of facts before the enactment of § 66 of the Code, and is not authority for the proposition that the settlement will be disregarded only if it is fraudulent. The attorney is not now bound by it, however fair it may be, if his agreed charges are not paid. Washburn *v.* Mott, *ante;* Whittaker *v.* N. Y. & H. R. R. Co., *ante.*

The Supreme Court held in Dimick *v.* Cooley, 3 N. Y. C. P. 141, that the provisions of § 66 of the Code, as amended in 1879, had the effect to change the rule of the common law, and by its terms give an attorney for the plaintiff, a lien on the cause of action from the time of the commencement thereof, which cannot be displaced by its settlement and discontinuance without the attorney's consent, unless his costs are adjusted and paid. Quinlan *v.* Birge, *ante.*

In subsequent cases, it has been held that it is not necessary for the attorney to give notice to the defendant that he has a lien on the cause of action, by virtue of the said section, for the purpose of making the same effective against the action of the parties in settlement of the cause of action, and stipulating for a discontinuance of the suit without his consent. Id.; Albert Balmer Co. *v.* Van Orden. 64 How. 79; Tullis *v*, Bushnell, 65 Id. 465; Jenkins *v.* Adams, 22 Hun, 600; Whittaker *v.* N. Y. & H. R. R Co., 11 N. Y. C. P. 189.

In Albert Palmer Co. *v.* Van Orden, *ante*, it was held that an attorney's lien under § 66 of the Code extends to both costs and services, and cannot be affected by any settlement between the parties; that the proper practice is for the attorney to proceed to collect the judgment, to the extent of his lien, in the name of the client; and that it is not necessary to serve a notice of lien.

Under § 66 of the Code, as amended in 1879, the plaintiff's attorney has a lien upon the plaintiff's cause of action, and upon the judgments recovered thereon, to the extent of the agreement for compensation between the client and the attorney, and no notice to the defendant is required. Lewis *v.* Day, *ante*. All the parties to an action are bound to take notice of the law which gives such a lien. The object of the amendment was, not only to settle the law as theretofore established upon this subject, but to carry the protection of an attorney a step further by making it unnecessary to give any special notice, to the end that all efforts, having as their object the intent to deprive the attorney by whose industry and skill any advantage has resulted to his client, of the fruit of his labor, may be ineffectual. The language of the amendment does not appear to be capable of any other construction.

The decisions seem to be conflicting as to whether notice of the attorney's lien, under § 66 of the Code, must be given to protect such lien against a settlement by the parties. After providing that the compensation of the attorney is to be governed by agreement, express or implied, the section declares that, from the commencement of the action, the attorney has a lien upon his client's cause of action, which cannot be affected by any settlement between the parties before or after judgment. Under this provision, the defendant who chooses to settle with the plaintiff without notice to the attorney, does so at his own risk. Coster *v.* Greenpoint Ferry Co., *ante*.

It is very easy for a party to protect himself by dealing with the attorney, and through him with the party. The law has given sufficient notice to put the party on his guard. In the case above cited, the defendant settled with the plaintiff, without notice to the attorney and in disregard of any rights he might have. He was bound to know that the attorney had some rights in the action. After the settlement and before notice of it, the attorney proceeded and entered upon a judgment. In this respect he was regular; though, if he had been notified of the settlement, the better practice seems to be that he should have applied to the court for leave to proceed in such manner as it might direct for the enforcement of his lien. Id.

While it is true that § 66 of the Code gives the attorney a lien upon his client's cause of action, the act is silent as to its extent or character. It, doubtless, was intended to confer upon the attorney the same rights, with regard to the cause of action, as he had previously possessed with regard to the judgment. Jenkins *v.* Adams, *ante*.

It was always the rule that a special interest in the claim and judgment

could only be protected by notice. This rule is equally applicable to the new lien upon the cause of action, created by § 66 of the Code. Id. An attorney must give notice of the assignment of a part of the recovery to him, before a settlement is made and the order of discontinuance entered, in order to justify his moving to set aside a settlement entered into between the parties.

It was long settled, prior to the enactment of § 66 of the Code that an attorney has a lien for his costs and compensation upon the judgment recovered by him. Marshall *v.* Meech, *ante;* Ward *v.* Syme, *ante;* Haight *v.* Holcomb, *ante;* Fox *v.* Fox, 26 Id. 409; Rooney *v.* Second Ave. R. Co., *ante;* Ely *v.* Cooke, *ante;* McGregor *v.* Comstock, *ante.* Such a lien existed before the Code and is not affected by any provision of the former Code. The lien existed not only to the extent of the costs entered in the judgment, but for any sum which the client agreed his attorney should have as a compensation for his services. To the amount of such lien, the attorney was to be deemed an equitable assignee of the judgment. To the extent of the taxed costs entered in the judgment, the judgment itself was legal notice of the lien, and this lien could not be discharged by payment to any one but the attorney. The judgment debtor paid these costs to the party at his peril. But if the attorney claimed compensation beyond the taxed costs, under some agreement with his client, express or implied, his lien for such compensation could be protected against payment to the client only by notice to the judgment debtor.

In the absence of such notice, the defendant had the right, acting in good faith, to pay the judgment to the plaintiff. To nullify a settlement honestly made, the proof of the notice should be satisfactory, and not depend upon uncertain inferences. Wright *v.* Wright, *ante.* Where a notice was incorporated in a stipulation extending time to answer, which stipulation was not acted upon by defendant's attorney, but was returned, and where it did not satisfactorily appear that it came to the attention of said attorney, the proof of notice was held not to be sufficient to nullify a settlement made in good faith by defendant with plaintiff.

And in the absence of notice of the attorney's lien, a defendant acting in good faith had the right to pay the judgment to the plaintiff, and was protected in so doing. Wright *v.* Wright, *ante.*

Many of the cases above cited arose before the amendment of 1879; but, unless the amendment has provided a new remedy for the enforcement of the lien, the principle enunciated in these cases possesses as much force as though no amendment had been adopted. The lien existed before as well as after, the amendment, but it did not extend to the cause of action. Wright *v.* Wright, *ante.* To the extent to which it had been carried, it was quite as effectual before as after the amendment. § 66 does not in terms declare that such a lien shall exist, even though a *bona fide* settlement is made without notice; it simply states that it shall exist as to the cause of action; by enlarging the subject to which it shall apply, it does,

not change any of the steps which were before necessary to make the lien effectual.

In Jenkins *v.* Adams, *ante*, it was held that section 66 of the Code was intended to confer upon the attorney the same rights, with regard to the cause of action, as he had previously possessed with regard to the judgment. It was always the rule that a special interest in the claim and judgment could only be protected by notice. This rule is equally applicable to the new lien upon the cause of action which was created by this section.

In McCabe *v.* Fogg, *ante*, the superior court of New York held that this amendment did not change the remedy for enforcing the lien from what it had previously been, with the single exception that it was not now necessary to show fraud. So in Tullis *v.* Bushnell, 65 How. 465, the general term of the New York Common Pleas held that the practice was the same as before the amendment.

In Goddard *v.* Trenbath, 24 Hun, 182, supreme court held that a settlement made in good faith would be upheld, where the defendant had no notice at the time of effecting the settlement.

In Wehle *v.* Connor, 83 N. Y. 231, it was stated that, until such a lien is asserted by the party to it, the judgments are the property of the client, and without notice of the claim the lien could not be enforced.

So in Williams *v.* Ingersoll, *ante*, the court declared that notice of the existence of the lien is only needful to defeat a subsequent *bona fide* payment made by the debtor. It thus implied that, where the debtor had in good faith paid, a notice of the lien would be necessary, or he would be discharged from liability.

The case of White *v.* Brady, 4 Law. Bul. 39, holds that where the compensation agreed upon exceeds the taxable costs, notice to the opposite party is needful in order to protect the lien.

In Matter of Bailey, 4 N. Y. C. P. 140, an attorney was employed to defend the action, and succeeded. After entry of judgment, the attorney gave notice of lien. The plaintiff, notwithstanding, paid to the receiver of the defendant, who had become insolvent. On petition by the receiver for leave to retain the money so paid, the court denied the petition and held that the attorney's right to the costs became absolute after notice. This decision was affirmed upon appeal, 5 N. Y. C. P. 253.

But a contrary rule has been established in several cases.

The cases of Lewis *v.* Day, *ante*, and Coster *v.* Greenport Ferry Co., *ante*, decided that the amendment to the Code gave notice of the lien, and that a settlement in good faith, without notice, would not defeat it. The decision in Coster *v.* Greenport Ferry Co., *ante*, is supposed to have been affirmed by the court of appeals, without opinion, and reported in 98 N. Y. 660.

In Walsh *v.* F. N. S. & C. R. R. Co., 11 Hun, 190, an action was prosecuted under an agreement with plaintiff's attorney that he should receive one-half of the recovery for his services. The defendant had no notice of

such agreement, and settled with the plaintiff before trial.  And it was held that the settlement was good as against the claim of the attorney, unless made by the defendant in bad faith, and that the defendant was entitled to an order discontinuing the action, without notice.  The plaintiff had the right to settle the case, even though by so doing she defeated the purpose of the agreement made between herself and her counsel.  Id.; Shank v. Shoemaker, *ante ;* Pulver v. Harris, *ante ;* Wade v. Orton, 12 Abb. N. S. 444.

The attorney for a plaintiff in an action cannot proceed with an action after its settlement between the parties, to collect an agreed compensation, where no notice of lien has been given to the defendant prior to the settlement; but the lien in such a case is limited to the taxable costs.  Minto v. Baur, 53 Hun, 636.

The attorney for a defendant, who does not demand affirmative judgment, has no lien whatever.  Id.

*Enforcement.*—The question is how the attorney shall obtain his remedy and the right to enforce his lien and get his pay.  The authorities upon the subject of the proper course to pursue are not reconcilable.

The first case in point of time is Pickard v. Yencer, 10 W. Dig. 271. The action in this case was for assault and battery.  The plaintiff's attorney had notified defendant that he had a lien upon the cause of action for his costs, and that he should disregard any settlement.  But the defendant and plaintiff settled the action, and it was discontinued by order duly entered.  The court at special term, upon motion, set aside the stipulation and order of discontinuance and authorized the plaintiff's attorney to enter judgment for his costs.  From this order and the judgment an appeal was taken.  The court held that the attorney was entitled to have the stipulation and order of discontinuance set aside so far as they affected his lien, to enable him to continue the action and recover his costs.  It was held that the practice in entering judgment for costs without a trial was irregular, and the court for this reason reversed the judgment and modified so much of the order as authorized it, by permitting the attorney to proceed with the action in the name of his client.  This case is no authority for the proposition that the attorney may, without regarding the settlement and without application to the court, proceed with the action.

The next case is Murray v. Jibson, 22 Hun, 386, and in this case it was held that the plaintiff, who has settled the action, cannot have the settlement set aside to protect the attorney's lien, but that the remedy is by a proceeding of some kind to be taken by the attorney.

In Wilber v. Baker, 24 Hun, 24, the attorney of his own motion had continued the action after settlement, and recovered judgment for his costs, which upon appeal was affirmed.  The only thing which was necessarily decided in this case, was that, where the attorney, without an order, has continued the suit to judgment, the judgment will not on that account

alone be reversed, when the court has seen fit in its discretion to allow the suit to go to judgment.

In Goddard *v.* Trenbath, 24 Hun, 182, it was decided that, after an action has been settled, the attorney cannot continue it to enforce his alleged lien without first having obtained an order of the court allowing him to do so.

It is said in the opinion in Dimick *v.* Cooley, *ante,* that it would be an unwise and dangerous practice, extremely hazardous to the rights of both parties, to allow an attorney to continue the action, after settlement by the parties, for the purpose of collecting his costs, without first obtaining the consent of the court, that he proceed for that purpose. It was also held in this case that the amendment of 1879 had not changed the rule in this regard. This case was decided by the same court that decided Pickard *v.* Yencer, two judges of the court being the same in each case.

In Coster *v.* Greenport Ferry Co., *ante,* the judgment had been entered by the plaintiff's attorney upon default, before notice of the settlement; and it was held for this reason that he was regular in his practice; but the court said, if he had known of the settlement, the better practice would have been to apply to the court for leave to proceed for the enforcement of his lien. This case was affirmed by the general term and by the court of appeals, but no opinion was written by either of these courts.

In Forstman *v.* Schulting, *ante,* it was held that, when an action has been settled, the attorney may proceed in it without regard to the settlement and without permission of the court, to recover his compensation. This case was decided upon the authority of Pickard *v.* Yencer, *ante,* and Wilber *v.* Baker, *ante,* neither of which holds the proposition for which it was cited. It ignores Dimick *v.* Cooley, *ante,* which is a decision precisely to the contrary, and refuses to follow Goddard *v.* Trenbath, *ante.*

In Whittaker *v.* N. Y. & H. R. R. Co., *ante,* the settlement was made after judgment, and the motion was made by the attorney to vacate the satisfaction.

In the case of Keeler *v.* Keeler, *ante,* the attorney had been allowed to try the case without a previous order of the court, and the judgment upon that trial was affirmed. The affirmance may well have been had upon the ground that the court had the power, in its discretion, to allow the case to be tried, and make the order there, or allow it without further order; but it was put upon the authority of Coster *v.* Greenport Ferry Co., *ante,* which does not hold that an attorney, who is aware of a settlement, may go on and try the action without leave, but the contrary. The case of Keeler *v.* Keeler, *ante,* is not an authority overruling the cases of Goddard *v.* Trenbath and Dimick *v.* Cooley, *ante.*

But the court of appeals has practically settled the question as to the practice to be pursued by the attorney in enforcing his lien. The amendment of 1879, though it gave a more extensive lien, did not change the

remedy for its enforcement. See Dimick v. Cooley, *ante;* Whittaker v. N. Y. & H. R. R. Co., *ante.*

The practice before that amendment, as stated by the court of appeals, in Randall v. Van Wagenen, *ante*, is to give the attorney leave to proceed with the suit, and to permit him to recover to the extent of his compensation upon the trial of the action. In view of this case, it is necessary for the attorney to procure the consent of the court before he can proceed with the action to collect his costs after settlement. In Whittaker v. N. Y. & H. R. R. Co., *ante*, it is said that, notwithstanding the provisions of § 66 of the Code, it is the duty of the court to exercise a strict supervision over contracts under it. It is also the duty of the court, when such permission is given to the attorney, to direct as to the time and manner, and to watch his proceedings and doings. See Dimick v. Cooley, *ante.* It would be impossible for the court to perform these duties, if the attorney has the right to proceed and recover what he thinks proper to claim without asking leave to do so.

A right so fully and completely vested must necessarily draw to itself a remedy adequate to its enforcement. The simplest remedy in the case of the attorney for the plaintiff, where the party settled before trial, is to permit him to continue the action and recover so much upon his client's cause of action, as it existed before settlement, as equals the amount of the lien. Such a course is sanctioned by authority. Keeler v. Keeler, *ante;* Coster v. Greenport Ferry Co., *ante;* 98 N. Y. 660; Wilber v. Baker, *ante;* Forstman v. Schulting, *ante;* Pickard v. Yencer, *ante;* Albert Palmer Co. v. Van Orden, *ante.*

There are cases the other way, but, if the case of Coster v. Greenport Ferry Co., *ante*, has been affirmed by the court of appeals, they cannot control the question here presented. Keeler v. Keeler, *ante.*

In this case, the plaintiff by his attorneys, commenced an action in his favor to recover for services rendered the defendant. The attorneys made an agreement with the defendant that, for their services, they should have one-half of the recovery and all the taxable costs. After the complaint was served and before answer, the parties, without notice to plaintiff's attorneys, settled the cause of action, and the defendant paid the plaintiff the amount agreed upon in settlement. The defendant had no notice of the agreement between the plaintiff and his attorneys and afterwards answered and alleged the settlement and payment in defense. And it has held that the attorneys should not be limited in their recovery to the taxable costs; that the lien of the attorneys could be enforced without first obtaining the leave of the court.

In Wilber v. Baker. *ante*, the plaintiffs recovered a judgment against one Smith, upon which an execution was issued. The sheriff failed to return the execution, and the plaintiffs brought this action against him to recover damages because of his failure so to do. Thereafter the plaintiffs, for the purpose of defeating the lien of the plaintiff's attorney for his

·costs, included in the said judgment, and also his costs in this action, set-
tled with Smith and the sheriff, and the execution was returned by the
latter satisfied.   And it was held that the settlement of the suit by the de-
fendant, under the circumstances of this case, did not defeat the attorney's
·claim against him for costs recovered in the former, nor bar his right to
proceed for his costs in this action.

It was held in Fox v. Fox, 24 How. 409, that the attorney's lien for his
·costs would be protected in his favor, against a fraudulent settlement by
his client of the judgment in which they were included.   See also Haight
v. Holcomb, 7 Abb. 210 ; Rooney v. Second Ave. R. Co. ante; Pickard v.
Yencer, ante.   The Code also declares in effect that a fraudulent settle-
ment of an action shall not affect the attorney's rights.   Section 66.

According to the above decisions, an attorney is to be deemed the equi-
table assignee of the judgment obtained by him to the extent of his costs
recovered thereby.   In Wilber v. Baker, ante, the attorney was protected
to the extent of his costs in the former suit ; and as regards his costs in
the present action, he was permitted to prosecute the action to trial and
final judgment in the name of his client with a view to the protection of
his own rights therein.   The case of Murray v. Jibson, 11. W. Dig. 28 ; 32
Hun, 386, is not in point.   This case simply held that the plaintiff could
not move for himself and in his own behalf to set aside the settlement,
having in view the rights of his attorney merely.

In Forstman v. Schulting, ante, it was held that, where an agreement
has been made between a plaintiff and his attorney by which the latter is
to receive a share of the recovery and his costs and allowances in lieu of
all his charges for services, his interest in the action cannot be affected
by any compromise that may be made between plaintiff and defendant;
and, in case a settlement is made by them, the attorney is entitled to pro-
ceed with the action without first obtaining leave to do so from the
court.

It was held in Goddard v. Trenbath, ante, that an attorney would not
be at liberty, after the settlement of the litigation, to proceed with it for
the recovery of his own compensation without leave of the court first be-
ing obtained.   This decision is directly opposed to Wilber v. Baker, ante,
and Pickard v. Yencer, ante.   The court in Forstman v. Schulting, ante,
regarded these two decisions as controlling and securing the attorney the
right to proceed with the litigation for the collection of his compensation.

In Pickard v. Yencer, ante, an action was commenced for assault and
battery.   Defendant answered setting up a general denial and justifica-
tion.   Plaintiff's attorney notified defendant that he had a lien upon the
·cause of action for costs and disbursements, and that he would disregard
any settlement of the suit made without his consent.   Subsequently plaint-
iff and defendant settled, and an order of discontinuance was entered.
Upon an order to show cause, on an affidavit showing the above facts,
and also the fact that plaintiff was insolvent, plaintiff's attorney moved

for, and obtained an order setting aside the settlement and stipulation and order of discontinuance. And it was held that the settlement was properly regarded to have been made in fraud of plaintiff's attorney, and even though the settlement was before judgment, the attorney was entitled to have it set aside, to enable him to continue the action and recover his costs. Such was the well established rule prior to the amendment, in 1879, of § 66 of the Code. It was also held in this case that the practice of the attorney, in entering judgment for costs without bringing the action to trial, was irregular. His remedy, on setting aside the settlement, so far as it affected his rights, was to prosecute the action, in the name of his client, to trial and final judgment. The defendant is not liable for costs, except upon a recovery by plaintiff, of an amount sufficient to carry costs under the statute.

The decision in Howitt *v.* Merrill, *ante*, in no way denies the right of the attorney to enforce the lien existing in his favor; and, where the judgment may have been satisfied after notice of the lien claimed by him, the power of the court to vacate the satisfaction and permit the execution to be issued upon it for the benefit of the attorney is conceded by this decision. But in this case it was considered that redress might be obtained by the attorney by proceeding against his own client ; but in Commercial Tel. Co. *v.* Smith, 57 Hun, 176, this was impracticable, for the reason that it was made to appear that the plaintiff in the action was insolvent to a large amount, and on that account incapable of responding to his attorney for the services performed by him in the action. And where services of this description have been performed, and the recovery of a judgment has been secured, by the attorney, it has been repeatedly held by the courts that a lien exists in his favor and may be enforced by him for the satisfaction of his demand. Id.; Marshall *v.* Meech, *ante ;* Goodrich *v.* McDonald, *ante ;* Randall *v.* Van Wagenen, *ante ;* Wright *v.* Wright, *ante.*

In Murray *v,* Jibson, *ante*, plaintiff brought an action under the civil damage act, to recover damages resulting from the intoxication of her husband. After issue joined and before trial, each party agreed to pay his own costs. The plaintiff executed a release, and an order of discontinuance was entered. All this was done without the knowledge of the plaintiff's attorneys. A motion was made to set aside the settlement and the subsequent proceedings, in the name of the plaintiff and in her behalf, on the ground among others, that the settlement was in fraud of her attorneys and without their consent. The motion was granted solely upon this ground. And it was held that so far as the rights of the plaintiff's attorney were concerned, they must be enforced in proceedings to be instituted by them and in their own name. The plaintiff cannot be relieved from her executed agreement simply because it is prejudicial to her attorneys. To the extent of their lien, attorneys are, in law, her assignees. Martin *v.* Hawks, *ante ;* Wikins *v.* Batterman, 4 Barb. 47. Their rights are not in her keeping. Where relief is sought solely on account of the attorney, he

should be the actor. In Rooney *v.* Second Ave. R. Co., *ante,* the attorneys was the respondent. In Marshall *v.* Meech, *ante,* he was the moving party and the appellant. In Martin *v.* Hawks, *ante,* the attorney, as the assignee of his client, brought suit for his own benefit in the name of his assignor against the sheriff. So also, in Wilkins *v.* Batterman, *ante.* But in the case of Murray *v.* Jibson, *ante,* there was nothing to show that the attorneys were not content to let the settlement stand, and to look to their client for their costs. She had agreed to pay them as a condition of the settlement, and there was no evidence that she was not solvent and abundantly able to pay.

Whatever the extent or nature of the attorney's lien upon the cause of action, before judgment, given by the amendment of 1879, to § 66 of the Code, the court will not interfere to protect the lien except upon the application of the attorney, and it will not upon such application, vacate or modify a settlement made by his client and the adverse party, in good faith, as between themselves, except so far as may be necessary to protect the attorney's lien.

Although, as a general rule, an attorney has no lien for costs as against the adverse party until a judgment is entered, or at least a verdict obtained, and, for that reason, the parties are at liberty to settle the suit between themselves before verdict or judgment, yet where such settlement is privately effected, with a design of preventing an attorney from obtaining his costs, the court will, notwithstanding the settlement, allow the attorney to go on and collect the costs in the action, that he may thereby secure himself. Dietz *v.* McCallum, 44 Hun, 493. Where there is collusion, it makes no difference whether the damages are, or are not, liquidated. The power of the court is not limited to cases where the action is brought for a liquidated sum, but it interposes upon the general principle that it is equitable and right to protect the attorney against a dishonest combination between the parties to deprive him of the fruits of his labor and services. Id.; Rasquin *v.* Knickerbocker Stage Co., 12 Abb. 329; Keenan *v.* Durfinger, 19 How. 153; 12 Abb. 327, note; McDowell *v.* Second Ave. R. R. Co., 4 Bosw. 670; Owen *v.* Mason, 18 How. 156; Wood *v.* The Trustees, etc., 7 Abb. 210, note.

In the last named two cases, it was further said that a judgment procured by the attorney, subsequent to the settlement between the parties, for his taxable costs was regular, but that the judgment might be opened as matter of law, to allow the defendant to try the case if he desires; and that on such trial the defendant could not prove a settlement without having filed a supplemental answer setting it up, and that the court would allow such an answer for such a purpose to be filed only on payment of all the costs of the action up to that time.

If defendant's attorneys have notice of an interest for lien of the plaintiff's attorneys in or upon the claim in suit, they are under obligation to notify the latter of an intended settlement with the plaintiff, or in his absence to

protect his rights, or take the consequence of a settlement, without his knowledge or concurrence. Eberhardt *v.* Schuster, 10 Abb. N. C. 374. In case of failure to notify plaintiff's attorney, or in any way, protect his rights, the court will refuse a discontinuance upon the plaintiff's personal consent. Id.

In Kehoe *v.* Miller, 10 Abb. N. C. 393, note, defendant answered, setting up among other things a release executed by plaintiff subsequent to the commencement of the action. Plaintiff's attorney moved for an order striking out this defense on the ground that it was in derogation of his lien. And it was held that the practice in such cases is not by motion to strike out the release. Such release affected the plaintiff's individual rights simply; and the attorney's lien on the subject matter of the action remains and will continue in fact. He can, therefore, prosecute the action, notwithstanding the release given since its commencement; and, if he succeeds in recovering a verdict on the original cause, he enforces the judgment so far as his costs are connected with it notwithstanding the release. Goddard *v.* Trenbath, *ante.* And a motion to strike out the defense of the release is unnecessary. Id.; McCabe *v.* Fogg, *ante.;* Wilber *v.* Baker, *ante.*

In Deutsch *v.* Webb, 10 Abb. N. C. 393, note, when the case was called for trial, defendant's attorney objected to going on upon the ground that the parties had settled the cause of action. Plaintiff's attorney claimed that he had the right to proceed for the purpose of forcing the costs. And it was held that the attorney had a lien upon the cause of action, by force of § 66 of the Code, which he has a right to enforce, and which the client cannot discharge except by payment. He may therefore proceed with the trial of the action for the purpose of enforcing his lien; but if unsuccessful in proving the cause of action, he will be personally answerable to the defendant for the trial fee and the disbursements of the trial.

In Russell *v.* Summerville, 10 Abb. N. C. 395, note, a motion was made to vacate an order in supplementary proceedings. The defendant moved on an affidavit which set up an assignment by plaintiff of his judgment, and notice thereof ; and that no part thereof had been paid ; and alleged want of authority from the assignee to institute such proceedings. They were under the charge of the attorney who obtained the judgment. And it was held that the attorney undoubtedly possesses a lien, which, if it becomes necessary, he may properly enforce. But where the owner of the judgment does not desire such proceedings to be continued, and did not desire that they should be instituted, the attorney has no general right to proceed to the collection of the judgment against the owner's will. He cannot any way collect more than his costs and fees; and where his client is willing to pay him upon demand he cannot proceed in the action to collect them. These claims should at all events be liquidated, and the necessity for the enforcement of the lien shown as a foundation for the proceedings. But after they have been liquidated, and his client refuses to pay them, it

is quite clear that he may enforce the judgment for this amount, and to this end may resort to supplementary proceedings.

At common law, as between attorney and client, the former had a lien for his costs and charges, upon the papers, deeds or written evidences of debt in his hands, belonging to his client, received in the course of his employment. Dimick *v.* Cooley, *ante.* He also had a like lien upon moneys, which he may have collected, at his client's request. Id.; Matter of Knapp, *ante.*

He had, however, no lien or interest whatever in the cause of action, by reason of his employment to prosecute the same in the courts. After judgment the attorney who prosecuted the claim has a lien thereon to the extent of his costs, and for such further sum as by agreement his client has promised to pay him out of the judgment, as a compensation for his services. Coughlin *v.* N. Y. C. & H. R. R. R. Co., *ante;* Wright *v.* Wright, *ante.*

After action was commenced and before judgment, the parties had a right to settle the matters in dispute, on such terms as they might agree upon, without consulting with the attorney to the record, provided they acted in good faith, and not with the intent to cheat and defraud the attorney out of his costs. But where the settlement was instigated with a view to prevent the attorney from receiving his costs from his client, and to cheat him out of the same, the court, on the application of the attorney had power and would interfere to make inquiry into the circumstances of the settlement, and, if found to be fraudulent, would set the same aside, so far as to allow the suit to proceed for the purpose of collecting the attorney's costs. Talcott *v.* Bronson, 4 Paige, 501; Coughlin *v.* N. Y. C. & H. R. R. R. Co., *ante.*

The effect of § 66 of the Code is to change the rule of the common law and gives the attorney for the plaintiff a lien on the cause of action, from the time the suit is commenced, which cannot be displaced by any action of the parties, by settlement or discontinuance, without his consent, till his costs are paid. The extent of the lien is not declared by the statute, whether it shall be in the amount of the taxable costs, which the law gives in the recovery of judgment, or in the sum which the attorney and his client may have agreed upon as his compensation. Dimick *v.* Cooley, *ante.*

Before the statute, the usual and ordinary practice was for the attorney to apply to the court, in case the settlement had been made without his consent, and ask for an order modifying the terms of the settlement, so as to allow him to proceed in the action for the purpose of collecting his costs. Id. The application could only be heard on notice to the plaintiff and defendant ; and the court examined fully into the facts and circumstances connected with the settlement, and the effect it had upon the attorney's claim; and, if the same was a fraud upon the attorney, he was allowed to proceed with the action, or upon the judgment, if one had been entered, and to collect his costs out of the defendant. But without

such permission from the court, he is not at liberty to move in the action for any purpose. Id. Marshall *v.* Meech, *ante;* Talcott *v.* Bronson, *ante;* Murray *v.* Jibson, *ante;* Pickard *v.* Yencer, *ante;* Goddard *v.* Trenbath, *ante.*

The statute has not changed the practice in this particular, and it is necessary for the attorney to procure the consent of the court, before he can proceed with the action. Dimick *v.* Cooley, *ante.* The statute creates a lien upon the cause of action, and declares that a settlement shall not disturb the lien of the attorney. Where there has been no verdict, report, decision nor judgment in favor of the plaintiff, at the time of the settlement, the lien is still confined to the original cause of action, which was placed in the hands of the attorney for collection.

The attorney should not be permitted to proceed against the defendant, and charge him with the costs of the action, where his own client has released him from that obligation, without it being first made to appear that such permission in necessary to secure his costs and enable him to enforce the lien which he has upon the cause of action. But where the defendant has in fact conspired with the plaintiff, with the view of cheating and defrauding the attorney out of his costs, or to embarrass him in the enforcement of his lien, it would be the duty of the court to grant permission to prosecute the action. Id. Where the defendant is free from fraud and intent to embarrass the attorney in the collection of his costs, it would be a great wrong and injustice to him to compel him to litigate the question, as to the amount of the attorney's costs, and to pay them after he had, in good faith, contracted with the plaintiff to be released from that obligation. Id. The attorney should be required to proceed, in such case, against his own client, before he is permitted to prosecute the action against the defendant, for the purpose of enforcing his lien.

§ 66 of the Code is not designed to prevent litigants from fairly settling their suits without their attorney's assent, but simply to protect attorneys from being defrauded of their compensation by settlements which deprive them of the means to recover it. Tuttle *v.* Village of Cortland, 21 W. Dig. 528. And a settlement made in good faith by the parties will not be set aside at the instance of the attorney of one of them, where it appears that the sum agreed to be paid under the settlement to his client exceeds the amounts necessary to satisfy his lien; and especially where the opposite party has offered to pay his claim directly to him. Id.

Where there has been no verdict, report, decision nor judgment in favor of the plaintiff at the time of the settlement, the attorney's lien is preserved on the original cause of action which was placed in his hands for collection. The court possesses ample power to protect the lien which the law gives the attorney as security for his costs; but he cannot proceed in the action after settlement for the purpose of enforcing his lien without leave of the court, which, in a proper case, it is the practice of the court to grant, on notice to all interested parties. Quinlan *v.* Birge, *ante;* Martin *v.* Hawks,

*ante;* Coughlin *v.* N. Y. C. & H. R. R. R. Co., *ante;* Rooney *v.* Second Ave. R. Co., *ante;* Pulver *v.* Harris, *ante;* Dimick *v.* Cooley, *ante.* When a case is made permitting the attorney to proceed in the action, notwithstanding the settlement between the parties and their stipulation to discontinue, it is the duty of the court to direct as to the time and manner of the future prosecution of the action, and to watch the proceedings and doings of the attorney so as to fully protect the rights of both parties, and not unnecessarily annoy and embarrass the defendant when he has acted in good faith. In such case, the plaintiff's attorney should not be permitted to proceed with the action for the purpose of collecting his costs, until it is made to appear to the satisfaction of the court that he is unable to collect the same from his client, or out of the money which the defendant paid to his client on the settlement, and which the latter would hold undischarged of the lien in favor of his attorney for all the costs. Quinlan *v.* Birge, *ante.*

In Wright *v.* Wright, *ante,* the court affirmed an order of the general term reversing an order of the special term which set aside a satisfaction of a judgment to allow the attorney to enforce the judgment for his costs and counsel fees.

In this case plaintiff's attorney made an agreement with his client that he should receive, in addition to the taxable costs, as counsel fee, twenty-five per cent. of the amount of any recovery in the action. The recovery was upwards of $1,000. Pending an appeal from the judgment, the defendant settled with the plaintiff, satisfied the judgment, procured a satisfaction thereof and caused the judgment to be satisfied of record. There was no collusion between the parties to cheat the attorney out of his compensation. The attorney made a motion to have the satisfaction of the judgment cancelled so that he could enforce the judgment for his costs and counsel fees. The motion was granted at special term, but the order upon defendant's appeal was reversed by the general term, and the plaintiff then appealed to the court of appeals. And it was held that the attorney had a lien for the amount of his costs and agreed compensation upon the judgment, and to that extent may be regarded as an equitable assignee of the judgment. Marshall *v.* Meech, *ante.*

In Roberts *v.* Doty, 31 Hun, 128, an action was brought for the recovery of money for services. After issue joined, the defendant settled with the plaintiff and paid her in full, and moved for an order discontinuing the action and striking the same from the calendar. The motion was granted, and the plaintiff's attorney appealed, in his own interest, from the order. The court said that it had not yet been decided that the parties to an action cannot settle the same without consent or intervention of their attorneys, and certainly no principle of justice or public policy can be violated by permitting such settlement. If the attorneys have a lien on the cause of action or counterclaim, they may pursue it in a proper way; but it would be an

extraordinary exertion of authority for a court to refuse permission to parties to settle and discontinue actions and escape litigation, merely because their attorneys raised objections to such settlement. The courts have permitted attorneys to proceed and try the cause for the purpose of collecting their fees, where their clients have made collusive settlements to cheat them, but have not done so where there was no fraud or collusion in the settlement.

The lien of the attorney, under § 66 of the Code, attaches to the cause of action; but, if it is made to appear upon the trial that the plaintiff had no cause of action at the time he commenced his suit, there is nothing to which the lien can attach. Kipp v. Rapp, 7 N. Y. C. P. 385.

Where the judgment is for costs only, the attorney is to be regarded as the equitable assignee thereof, and the record is in itself legal notice of the lien, which cannot be discharged by payment to any one but the attorney. Id. Marshall v. Meech, ante; Martin v. Hawks, ante; Wilkins v. Batterman, 4 Barb. 47. The attorney becomes, by force of law, the owner of the judgment, and entitled not only to enforce it, but every security given to insure its payment. Since such is the legal effect of the judgment, the plaintiff's attorney should bring, in his own name as equitable owner of the judgment, the action to enforce the lien. Kipp v. Rapp, ante.

In this case, the plaintiff commenced an action against one McLean and obtained a judgment which was affirmed by the general term of the N. Y. City Ct., by the common pleas, and by the court of appeals. Prior to either appeal, the right of action was transferred by assignment to one Parker, but the action was continued in the name of the original plaintiff until its conclusion. The judgment in the court of appeals was entered for $127.14, cost of affirmance. The present action was brought to recover the amount of this judgment from the sureties on the undertaking on appeal to the court of appeals. The sureties pleaded by way of defense a release from Parker to them prior to the commencement of the present action. And it was held that the plaintiff's attorney misconceived the practice. If the transfer or release had been given after the commencement of the present suit, the original plaintiff would have had a good cause of action at the time the suit was brought, and the attorney's lien upon the cause of action would have been protected from any subsequent action of the parties in fraud of it. For the purpose of protecting such liens, an order permitting the attorney to prosecute the action for its enforcement would have been proper; and, upon establishing a cause of action at the time the suit was brought, the judgment recovered might have been enforced to the extent of the lien established. But the trouble in the case of Kipp v. Rapp, ante, was that the plaintiff had no cause of action whatever when the suit was brought, and consequently there is nothing to which the lien of the attorney could attach, except perhaps the papers in the case, which the attorney was authorized to retain until his claim was satisfied. But the attorney in this case did not need any equitable aid in asserting his lien; he did not

require the use of his client's name as a party plaintiff; he was the equitable owner of the judgment and the real party in interest at the time the action was commenced, and it should have been prosecuted in his name as plaintiff, in such an action; the transfers by his client might have been held inoperative, as they could not defeat a recovery by the attorney. Kipp *v.* Rapp, *ante*.

The cases of Martin *v.* Hawks, *ante*, and Wilkins *v.* Batterman, *ante*, held that an attorney, as equitable assignee, may maintain an action in the name of his client for the enforcement of the attorney's lien. But these decisions were made before the Code and at a time when choses in action were not assignable at law, so as to entitle the assignee to sue in his own name, and when he was on that account permitted to sue in the name of the assignor.

In Shackleton *v.* Hart, 20 How. 39, the action was brought in the client's name to enforce the attorney's lien; but it was commenced "avowedly to collect for the attorney's own benefit."

In Pickard *v.* Yencer, *ante*; 10 Abb. N. C. 393, the settlements, designed to defeat the attorney's lien, were made after suit brought, and the attorney was allowed to continue the action for the enforcement of the lien.

An attorney has a lien, not only upon the judgment, but also upon all the incidents of the judgment and securities for its payment, and may commence and maintain an action in the name of his client for the purpose of enforcing any lien he may have for costs. Kipp *v.* Rapp, *ante*.

Previous to the amendment of 1879, the practice was well settled that the plaintiff was concluded by the settlement and release of the judgment; and, if the attorney desired to proceed, he should move to vacate the settlement, obtain leave to prosecute the action to enforce the lien, or prosecute a direct proceeding in his own name for that purpose. Stahl *v.* Wadsworth, *ante*; Marshall *v.* Meech, *ante*; Rooney *v.* Second Ave. R. Co., *ante*; Coughlin *v.* N. Y. C. & H. R. R. R. Co., *ante*; Pickard *v.* Yencer, 21 Hun, 403. Since the amendment, there are authorities on each side of this question.

In Dimick *v.* Cooley, *ante*, the court said that, where the order is made in the name of the plaintiff, he has no right to proceed after his consent to a discontinuance. After such settlement, the action cannot proceed for any other purpose than to allow the plaintiff's attorney to secure and collect his costs. But without such permission from the courts, he was not at liberty to move in the action for any purpose. In this case, after the settlement was had, the attorney attempted, at special term, to obtain judgment in the actions, and the court not only denied his right to move therein, but for his presumption directed that he pay personally the costs of motion in this action.

In Goddard *v.* Trenbath, *ante*, it was held that a release of the cause of action constituted a bar to the further prosecution of the action and that the attorney must first obtain leave of the court to further prosecute the action for the enforcement of his lien.

Note on " Attorney's Lien."

In Murray v. Jibson, *ante*, the court reversed an order setting aside a settlement as being in fraud of an attorney's lien, and held that the plaintiff could not be relieved from his executed agreement because his attorneys were prejudiced; and that, where the attorney is the moving party, he should be the actor.

In Tullis v. Bushnell, *ante*, it was held that, before the attorney can prosecute an action for the enforcement of his lien, after settlement, he should obtain leave of the court for that purpose.

In Smith v. Baum, *ante*, it was held that the settlement is conclusive upon the plaintiff, and, if made before issue joined, the attorney should obtain leave of the court to proceed.

In Coster v. Greenpoint Ferry Co., *ante*, it was held that, to obtain leave of the court to proceed, was the better practice. And in La Blanche v. Kirkpatrick, 8 N. Y. C. P. 256, the court held that the attorney should proceed to enforce the lien in his own name, and not in the name of the plaintiff.

But in Forstman v. Shulting, *ante*, a contrary doctrine to the above is found. The court held that it was not necessary for the attorney to first obtain leave of the court to prosecute an action, refused to follow Goddard v. Trenbath, *ante*, and held the latter case to be directly in conflict with the cases of Wilber v. Baker, *ante*, and Pickard v. Yencer, *ante*.

In Albert Palmer Co. v. Van Orden, 4 N. Y. C. P. 44, it was held that the attorney's lien was upon the actual cause of action, and not upon the alleged cause of action; that neither the complaint nor the defendant's default in answering prove that the amount claimed was owing in view of the settlement; that the plaintiff's attorney must show that the amount claimed was due, and that this could not be done by proceeding with the action at the expense of both parties.

An attorney may enter judgment, in case of default, and enforce it to the extent of his lien for costs, although the parties had made a previous settlement without his knowledge. Gallison & Hobron Co. v. Rawak, N. Y. City Ct. 1889; Wood v. Trustees, 7 Abb. 210, note; Owen v. Mason, 18 How. 156; Rice v. Childs, 28 Hun, 303; Reimer v. Doerge, 61 How. 142; Goddard v. Trenbath, *ante*; Deitz v. McCallum, 44 How. 493.

Where the parties settle the case and satisfy the judgment without participation of the plaintiff's attorney, or of defendant's attorney on a counterclaim, it is without effect as to him, and he becomes entitled to apply for an order setting aside the satisfaction and directing a reference to ascertain the amount of his lien, if undetermined, and also allowing execution to issue on the judgment to the extent of the attorney's entire claim. Lewis v. Day, *ante*; Marshall v. Meech, *ante*.

The attorney has the control of all the proceedings in the cause, until the perfecting of judgment. And being now himself legally interested by statute in such judgment when perfected, his control continues the same over such judgment, as far as is requisite to produce the amount of his lien out of the judgment by his instituting, *pro tanto*, the usual collection pro-

ceedings thereon, viz., execution and supplementary proceedings, until his rights in the cause of action, which the judgment represents, are satisfied thereby, or by direct payment. Shaunessy *v.* Traphagen, *ante.*

Prior to the adoption of § 66 of the Code, an attorney had a lien for his costs and charges upon the papers, deeds and other evidences of debt in his hands belonging to his client, and also upon any money which he may have collected at his client's request; but he had no lien or interest whatever in the cause of action by reason of his employment to prosecute the same. Tullis *v.* Bushnell, *ante.* But after judgment the attorney had a lien thereon to the extent of his costs, and for such further sum as the client had promised to pay him out of the judgment as compensation for his services. Id.; Wright *v.* Wright, *ante;* Coughlin *v.* N. Y. C. & H. R. R. R. Co., *ante.*

Before judgment the parties had a right to settle the action on such terms as they might agree upon without consulting with the attorney to the record, provided they acted in good faith and had no intention to cheat or defraud the ratter out of his costs; but, if the settlement was entered into with such view, the court, upon the application of the attorney, would interfere and make inquiry into the circumstances of the settlement; and, if found to be fraudulent, it would set the same aside so far as to allow the suit to proceed for the purpose of collecting the attorney's costs. Tullis *v.* Bushnell, *ante;* Talcott *v.* Bronson, 4 Paige, 501.

§ 66 of the present Code has extended the attorney's lien to the client's cause of action. This lien attaches to the verdict, report, decision or judgment in his client's favor, and to the proceeds thereof. But where there has been no verdict, report, decision or judgment in favor of his client at the same time of the settlement, the lien is still confined to the original cause of action which has been placed in his hands for collection. He must take precisely the same steps to establish his lien by a continuance of the action, notwithstanding the settlement, under § 66 of the Code, as was decided to be the practice, prior to the adoption of this section, in respect to an attorney's lien for costs—namely, that, if the settlement is in fraud of his lien the court will grant relief to him to prosecute the action for the purpose of examining his rights to a recovery as against the defendant in the action, and for the purpose of establishing his lien upon the subject matter of the action. Id. The only difference which § 66 has made in the position of the attorney, is that he is not, under this section, required to show that the settlement was a fraud upon him, as he was prior to the adoption of this section required to do, but that the leave to prosecute the action should be granted, if the settlement inequitably affected his lien upon the cause of action. This seems to have been the rule which was recognized in the cases of Goddard *v.* Trenbath, *ante;* Wilber *v.* Baker, *ante;* Jenkins *v.* Adams, 22 Id. 600; and Dimick *v.* Cooley, *ante.*

Under § 66 of the Code, an attorney has a lien upon his client's cause of action which continues until a judgment is rendered in the action,

which is final, either for the want of power to appeal, or for failure to appeal in time, by which judgment it is determined that there was no cause of action, and therefore nothing to support a lien. Adsit *v.* Hall, 3 How. N. S. 373; Coughlin *v.* N. Y. C. &. H. R. R. Co., *ante.* And where the defendant recovered judgment, and the plaintiff did not wish to prosecute an appeal, but her attorneys desired to do so in order to obtain compensation for their services, as nothing had been paid them by the plaintiff, the plaintiff was not entitled as of right to have the prosecution of the appeal stayed, but her application therefore should not be granted without protecting the rights of her attorneys and their lien upon the cause of action.

Where the decree in an action to set aside a conveyance as fraudulent directed a sale of the lands affected thereby, under execution to be issued to the sheriff upon the judgment thereby declared to be a lien upon the lands, an execution, issued as directed by the decree by the assignee of the plaintiff's interest in the judgment, will not be set aside upon the application of plaintiff's attorney upon the ground of a lien for his compensation for services in the action; but the sheriff will be stayed from paying the proceeds of the sale under the execution to the plaintiff or to its assignee, until the amount of the attorney's compensation can be ascertained. Loaners' Bank *v.* Nostrand, 53 Super. 525.

In Tompkins *v.* Manner, 50 Super. 511, an order vacating a satisfaction of a judgment recovered by defendant for costs, and granting leave to defendant's attorney, who had never received anything on the judgment and knew nothing of, and never consented to, an assignment and satisfaction thereof, to issue execution thereon, was affirmed, though notice of the motion had not been given to the assignee of the judgment.

There is no question that an attorney has an equitable lien for his services and disbursements upon the cause of action and judgment of his client, and that the courts will, in a proper case, enforce such lien, especially where notice thereof has been given to the judgment debtor before settlement. Foreman *v.* Edwards, 14 W. Dig. 408; 14 Abb. 229; Coughlin *v.* N. Y. & H. R. R. R. Co., *ante.* The special term has jurisdiction, and it is its duty to enforce such lien. Id.

Attorneys have two kinds of lien peculiar to them in their relations with their clients. Goodrich *v.* McDonald, *ante.* One is a lien which an attorney has upon all the papers of his client in his possession, by virtue of which he may retain all such papers until his claim for services has been discharged. This in the books is called a retaining lien. An attorney has also a lien upon the fund, or judgment which he has recovered for his compensation as attorney in recovering the fund or judgment. This is denominated a charging lien. Id.; Matter of Wilson, *ante.*

The practice of enforcing the latter kind of lien is not very ancient. The doctrine of an attorney's lien on a judgment was first established in the case of Welsh *v.* Hale, 1 Doug. 238. In this case, the court said that an

attorney has a lien on the money recovered by his client for his bill of costs; if the money came to his hand he might retain to the amount of his bill; he might stop it *in transitu* if he could lay hold of it; if he applied to the court, it would prevent its being paid over till his demands were satisfied. The courts went further and held that, if the attorney gave notice to the adverse party not to pay till his bill was discharged, a payment by him after such notice would be in his own wrong, and like paying, after notice, a debt which had been assigned. In Wilkens v. Carmichael, 1 Doug. 104, the court held that an attorney's lien was established on general principles of justice, and that courts, both of law and equity, had carried it so far that an attorney or solicitor might obtain an order to stop his client from receiving money recovered in the suit in which he had been employed for him until his bill was paid.

The lien, as thus established, was not strictly like any other lien known to the law, because it might exist although the attorney had not and could not, in any proper sense, have possession of the judgment recovered. It was a peculiar lien, to be enforced by peculiar methods. It was a device invented by the courts for the protection of attorneys against the knavery of their clients, by disabling the latter from receiving the fruits of recoveries without paying for the valuable services by which the recoveries were obtained.

The lien was never enforced like other liens. If the fund recovered was in possession, or under the control, of the court, it would not allow the client to obtain it until he had paid his attorney, and in administering the fund it would see that the attorney was protected. If the thing recovered was in a judgment, and notice of the attorney's claim had been given, the court would not allow the judgment to be paid to the prejudice of the attorney. If paid after such notice in disregard of his rights, the court would, upon motion, set aside the discharge of the judgment, and allow the attorney to enforce the judgment by its process so far as was needful for his protection. But no case can be found where an attorney has been permitted to enforce his lien upon a judgment for his services by an equitable action, or where he has been permitted to follow the proceeds of a judgment after payment of them to his client. His lien is upon the judgment, and the court will enforce it through the control it has of the judgment and its own records, and by means of its own process, which may be employed to enforce the judgment. But after the money recovered has been paid to his client, he has no lien upon such money, and much less a lien upon property purchased with that money and transferred to another person. After such payment, unless he has protected his lien by notice to the judgment-debtor, the lien is forever gone, and he must look to his client alone for his compensation. Goodrich v. McDonald, *ante.*

In Barden v. Ward, 42 N. J. L. 518, it was held that the right of lien for an attorney's costs existed only where he had received money upon the judgment in the cause, or had arrested it *in transitu*, or where the defend-

ant had paid the judgment after receiving notice of the attorney's claim.

In Cowen *v.* Boon, 48 Iowa, 350, it was held that an attorney's lien upon a judgment was waived by his procuring a transfer to his client of land attached in the suit in satisfaction of the judgment. In this case, the client who received the transfer of the land, conveyed it to a third person, and took back a mortgage for the purchase money. She then assigned the mortgage; and the attorney, who was a defendant in a suit to foreclose it, asserted his lien. And it was held that his lien was upon the judgment, and did not follow the land when the title was perfected in the client.

In Whittle *v.* Newman, 44 Ga. 377, it was held that, after the litigation was ended, and the client had possessed himself of the entire fund recovered, the court had no power to give relief to the attorney.

In Horton *v.* Champlain, 12 R. I. 450, it was held that an attorney's lien originates in the control which the attorney has in his retainer over the judgment, and the process for its enforcement, thus enabling him to collect the judgment and reimburse himself out of the proceeds. These authorities are all in harmony with the cases of St. John *v.* Diefendorf, *ante;* Marshall *v.* Meech, *ante;* Matter of Knapp, *ante.* From them it appears to be clear that, when by acquiescence of the attorney the money recovered has been paid to his client, or his client has received property in satisfaction of the judgment, he cannot enforce his lien against such money or property, but must look to his client alone for his compensation. In Goodrich *v.* McDonald, *ante,* it was held that, when the money was, with the attorney's consent, paid to his client, without any agreement that the lien should be transferred to the fund thus paid, or should follow it any further, the lien was lost, and his only remedy then was against her. Before the judgment was paid, the court, upon his application, would have protected his lien by compelling payment to him or authorizing him to enforce the judgment for his own benefit, so far as it was necessary to secure his compensation. If the defendants had paid the judgment without notice of the attorney's lien, they would have been protected, and the attorney could not have enforced his lien upon the moneys paid. But if they had paid after receiving notice of the lien, or in fraud of the rights of the attorney, the court would have cancelled any satisfaction of the judgment, and allowed him to enforce it for his own benefit.

In The Gallison & Habson Co. *v.* Rawak, N. Y. City Ct., Feb. 8, 1889, a suit was commenced in which the defendant made no appearance. But he afterwards paid the full amount claimed without the knowledge of the plaintiff's attorney. And it was held that the attorney could enter judgment by default for the full amount, with costs, and force it to the extent of the costs; see Wood *v.* Trustees, etc., 7 Abb 210, note; Owen *v.* Mason, *ante;* that, if the defendant had appeared and pleaded the payment, and plaintiff had proceeded to trial on the issue, the plea would have defeated the action; see Rice *v.* Childs, *ante;* Reimer *v.* Doerge, *ante;* but that, upon receiving such a plea, the plaintiff's attorney could have obviated its

effect and protected his lien, for the costs under § 66 of the Code, by obtaining an order permitting him to prosecute the action for the enforcement of the said lien, Goddard v. Trenbath, *ante*, which is in no way affected by the settlement made by the parties.

All the plaintiff's attorney will have to prove in such case, is a cause of action in his client at the time the action was commenced. His lien attached to that, and was not impaired by what the parties themselves did afterward. As the judgment was taken by default, it will not be opened except on payment of all costs to the date of the application, Dietz v. McCallum, *ante*, on payment of which, the plaintiff will be permitted to discontinue, without costs.

These various provisions of the practice work harmoniously together in aid of the general policy of the law to protect an attorney in his lawful costs, whenever he invokes its protection against acts of his client operating or tending to operate to his prejudice.

In Minto v. Baur, *ante*, 17 N. Y. C. P. 314, a firm commenced an action to foreclose a mechanic's lien in which both the lessor and lessees were made parties. By an agreement the judgment was authorized, but was not to be entered for one week. During the week a member of the firm settled the case with the lessees by accepting payment of a certain sum, and giving a satisfaction of the lien, with a consent of discontinuance. This was done without the knowledge or consent of plaintiff's attorney. It was held that the settlement was in fraud of the attorney's rights. He had a lien, under § 66 of the Code, for his costs. Independent of that section, the parties cannot collude together to cheat him out of his costs. It is proper to permit the attorney to go on with the suit for the purpose of collecting these costs, and, in aid of that proceeding, to vacate the satisfaction-piece; Forstman v. Schulting, *ante*; Wilber v. Baker, *ante*; Pickard v. Yencer, *ante*; especially where judgment has actually been ordered before the settlement, and nothing remains to be done save the formality of signing the findings and decree.

If the plaintiff's attorney, for the preservation of his lien, desires to avoid the defense of settlement, he should, immediately after the plea of settlement is interposed, apply for leave to prosecute the action for his own benefit, and at his own risk and cost. Oliwill v. Vendenhalven, N. Y. City Ct. Oct. 3, 1889; Dimick v. Cooley, *ante*; Quinlan v. Birge, *ante*; Smith v. Baum, *ante*; Tullis v. Bushnell, *ante*; Murray v. Jibson, *ante*; Stahl v. Wadsworth, *ante*.

The order may provide for a supplemental complaint, giving the nature and amount of the lien claimed; and the defendant, by his plea, may create an intelligent issue for the trial judge to determine, with or without the aid of a jury, as the parties may agree. But where no such application is made, nor leave obtained to prosecute in aid of the lien, nor any issue is created in respect thereto, the trial judge has no right to enter upon the trial of any such claim.

And the attorney is entitled to proceed to enforce his lien by execution and obtain satisfaction. Matter of Wolf, 51 Hun, 407. And the circumstance that a dispute may arise concerning the amount of his compensation or his right to remuneration, will not defeat the proceedings. The court is empowered, through the intervention of a reference, to determine the validity of his claim and of the objections which may be made against it by either of the parties to the judgment or others. Commercial Tel. Co. *v.* Smith, *ante.* In this case it was held that the fact that one of the defendants has appealed from the judgment and given security on the appeal to stay execution, will not prevent the attorney, in case his right to enforce the lien in this manner is established, from issuing an execution against the defendants who have not appealed. The stay of proceedings effected by the appeal and undertaking of the other defendant will operate in his favor alone, and not in favor of the defendants in whose favor no appeal has been taken.

A satisfaction of a decree for alimony, costs and counsel fee in fraud of the lien of the attorney for the plaintiff will be set aside for the purpose of protecting and enforcing such lien, even though the plaintiff is dead. Branth *v.* Branth, 57 Hun, 592. Where the defendant is advised of the attorney's lien by verbal notice, he cannot escape the evil results to him of the settlement, if the judgment or decree is maintained upon appeal. An attorney's lien will be protected against any attempt to destroy it, and all ingenious devices by act or thought when discovered which have such a tendency. Id.

In such a case, the conduct of the defendant in obtaining the satisfaction-piece has the effect of substituting the attorney of the plaintiff as the plaintiff in the action, thus to enable him to carry on the case by appropriate remedies until his lien is paid or the modes of procedure for collection exhausted. Id. The case of Lachenmeyer *v.* Lachenmeyer, 65 How. 422, determines this right even after the death of the plaintiff.

But the alimony, though it is assigned to plaintiff's attorney, cannot be secured by him in this manner. It is intended for the support of the party to whom it is given, and the greater the necessity for such an allowance, the greater the reasons why the court should discountenance its appropriation for any other purpose. The counsel must rely upon the costs and counsel fee awarded for his compensation, and therefore no claim to the alimony, or any part of it, or to the enforcement of it by any process issued or otherwise, can inure to the benefit of her attorneys. Id.

In Randall *v.* Van Wagenen, *ante,* the facts are as follows : An action brought by O'Neil and others against the defendant was settled and discontinued by agreement between the parties, without the consent of the plaintiffs' attorney. The attorney subsequently brought the present action against the defendant to the former action, alleging the existence of a cause of action on contract in favor of the former plaintiffs against the present defendant, the bringing of an action thereon by him as attorney

for the plaintiffs, an agreement between the plaintiffs in a former action and their attorney to give him one-half interest in the claim and in any recovery as compensation for his services, and an agreement that the attorney should hold the entire claim as collateral security for such compensation; that the parties to that action, fraudulently and collusively, and without the knowledge and consent of the attorney, settled and discontinued the action, to cheat and defraud him of his interest and rights under the agreement.

And it was held that, so far as the claim of the plaintiff is founded upon the lien which the law gives an attorney for his services, there is no foundation for the action. By the common law, an attorney by commencing a suit acquires no lien on the cause of action. The lien only arises after judgment, and is a right to have the judgment held for the debt, together with any security for the judgment, such as bail, until the lien is discharged, and to the extent of the lien, payment by the defendant in the judgment, to the plaintiff after notice, to the prejudice of the attorney, will be no discharge. Id.; Pulver *v.* Harris, *ante;* Platt *v.* Jerome, 19 How. U. S. 384; Martin *v.* Hawks, *ante;* People *ex rel.* Manning *v.* New York C. P. 13 Wend. 652.

It follows from the principle that there is no lien until judgment, that it is competent for the parties, acting *bona fide,* to settle and discontinue a suit before judgment, without the consent of the attorney, and the latter is remitted to his remedy against his client for his compensation. Pulver *v.* Harris, *ante.*

But where such settlement is made collusively for the purpose of defrauding the attorney out of his costs, courts have been accustomed to intervene and protect the attorney by permitting him to proceed with the suit, and if he is able to establish a right to recover on the cause of action as it originally stood, to permit such recovery to the extent of his costs in the action. Randall *v.* Van Wagenen, *ante;* Coughlin *v.* N. Y. C. & H. R. R. R. Co., *ante.* And the court will set aside an order of discontinuance if it stands in the way. Id.

This is an adequate remedy and the exclusive remedy, where the suit has been fraudulently settled by the parties before judgment, to cheat the attorney out of his costs. An equitable action to enforce the inchoate right of an attorney, under such circumstances, cannot be maintained. Randall *v.* Van Wagenen, *ante;* Goodrich *v.* McDonald, *ante;* Tallcot *v.* Bronson, *ante;* Tullis *v.* Bushnell, *ante.*

An action by an attorney alleging that his client had collusively settled and discontinued a suit which the attorney had begun for him, and upon which he claimed a lien by agreement with his client, and of which he also claimed an assignment, is not maintainable, as the attorney failed to show that his damages flowed from the facts alleged, for he might have enforced his lien or proceeded as assignee. Randall *v.* Van Wagenen, 54 Super. 483.

*Set-off.*—In Hoyt *v.* Godfrey, 11 Daly, 278, it was held that interlocutory

costs, allowed to the defendant, might be set off against a judgment rendered in favor of the plaintiffs in the same action, notwithstanding a promise by the party to whom the costs were awarded that they should belong to his attorney. See also Sanders *v.* Gillett, 8 Daly, 183; Warden *v.* Post, 35 Hun, 141; Catlin *v.* Adirondack Co., 22 Id. 493. The lien extends only to the balance which is ultimately to be paid over to the client upon the general and final result of the cause. Whatever costs may be due to the opposite party in the particular case, whether they are costs f special issues found for him, or of interlocutory proceedings, he has a right to deduct them without regard to the amount which may be due from the client to the attorney. See Scott *v.* Richebourg, 11 C. B. 447. This is a fair rule, and the one calculated to produce the least injustice.

The costs do not primarily belong to the attorney. He has a lien upon them for his compensation, and to that extent he is regarded as an equitable assignee of the judgment. Smith *v.* Chenoweth, 14 Daly, 166.

But where the costs are recovered in one action, the equities of the parties are superior to the lien of the attorney; and a set-off may be ordered, and the lien in favor of the client only attached to the balance. Id.

In the case of Tunstall *v.* Winton, 31 Hun, 219, it was held that the costs of a successful appeal legally belonged, without any assignment, to the defendant's attorney, and that they could not be set off against the general costs awarded to the plaintiff. But in Garner *v.* Gladwin, 12 W. Dig. 10, the same court held that, where damages and costs were recovered in the same action, the plaintiff was entitled to insist upon the set-off of one against the other, unless an assignment had been previously made to the attorney, transferring to him a paramount right to demand and collect such costs.

In Ely *v.* Cooke, *ante*, the defendant, after the commencement of the action, and previous to the trial, made an agreement with his attorneys that his costs, to be recovered in that action, were to belong to said attorneys. After a judgment for costs had been recovered by him, he assigned the judgment to his said attorneys. And it was held that the agreement was good and valid; that the assignment passed to the attorneys the costs and judgment; and that the plaintiff in the suit had no right to set off against such judgment, to the prejudice of the attorneys' rights, a judgment previously recovered by him against the defendant.

An attorney for a railroad company has a lien for his costs against the company, and the company, if not dissolved, cannot deprive the attorney of them or receive them of the other party to the action who has been adjudged to pay them, after notice of the attorney's lien, to the deprivation of the attorney who recovered them. Matter of Bailey, 4 N. Y. C. P. 140. No notice or other step is necessary upon the part of the attorney to create his lien. His right to the costs is substantial and absolute after notice. The courts have always protected the attorney's lien for costs in a judgment, upon motion to set off reciprocal judgments between the parties to the

action in which such judgments were recovered, whether for costs and damages or either. Id.

And if the railroad company itself, if still in existence, cannot as against its attorney hold such costs, certainly the receiver of a dead corporation can have no better right than the corporation itself would have, if alive. Id. The receiver takes the same title, by transfer, that the corporation had in its lifetime.

The lien of the attorney on a judgment recovered for the amount of his costs is well settled, and has been regarded as an equitable assignment of the judgment to him. Naylor *v.* Lane, *ante;* Marshall *v.* Meech, *ante;* Coughlin *v.* N. Y. C. & H. R. R. R. Co., *ante;* Wright *v.* Wright, *ante;* Dimick *v.* Cooley, *ante.*

In order to protect the attorney's lien in such case, there is no necessity that notice should have been served on the adverse party. Naylor *v.* Lane, *ante;* Malooghney *v.* Kavanagh, *ante.* No settlement of the litigation between the parties themselves by set-off or otherwise, which defeats the lien of the attorney, is proper. Matter of Bailey, *ante;* Naylor *v.* Lane, *ante.*

Where the attorney for the defendant in an action recovers a judgment for costs therein, and it appears that by agreement with his client such costs were to belong to him and that he had not been paid for his professional services in said action and believed that he would not be paid therefor by his client, a motion to set off against said judgment a judgment recovered by the plaintiff in said action against said defendant, should be denied.

In Channing *v.* Moore, 13 N. Y. C. P. 349, it was held that, where an attorney prosecutes or defends an action under an agreement with his client that the costs to be awarded are to belong to him as his compensation for his services, the agreement is valid, and makes the attorney the owner of the judgment recovered in such action for costs, and of all securities for their payment, and effectually defeats any right to set off, which one of the sureties upon the undertaking for the payment of all costs awarded in the action might otherwise have had against the judgment debtor. See Ely *v.* Cooke, 9 Abb. 366; affirmed 28 N. Y. 365; Roberts *v.* Terry, 38 Id. 107.

The rule in regard to set-offs is at times enlarged when necessary to prevent injustice, but it is never extended beyond strict legal limits, when the extension will work an injustice to a plaintiff possessing a superior equity in need of protection.

In the absence of § 66 of the Code, or a similar statutory provision, the attorney would have no lien for his costs and compensation upon his client's cause of action or counterclaim. Lablache *v.* Kirkpatrick, 8 N. Y. C. P. 256. The attorney for the defendant has no lien under the strict letter of the statute where his client has neither a cause of action nor a counterclaim; but, under equitable constructions of the statute adopted by the surpreme court in recent cases, the attorney who has the complaint dismissed, or succeeds in the action, is entitled to the lien upon the judg-

ment to the full amount of the costs and allowances, if any; and, if the plaintiff in the action holds or has purchased a claim against the defendant therein, and attempts to set it off against the judgment for costs, the attorney's lien will be superior and cannot be defeated. Id. Where the judgment, as entered, is for costs alone, the entry of it is sufficient notice of the attorney's lien. This is the utmost extent to which the courts have gone. In order to reach this point, it was necessary to invoke the equity of the statute only and give it a somewhat strained construction. Id.

In this case, an action was brought on an undertaking, given on procuring an injunction, by the defendant in the injunction against the sureties thereon, to recover the damages sustained by him by reason of the injunction. A large portion of these damages consisted of counsel fees. The sureties, in their answer, set up counterclaims exceeding in amount the plaintiff's claim. The plaintiff, in her reply, claimed that her attorneys had a lien upon the undertaking for their counsel fees for services in the action in which the undertaking was given. Notice that such a lien was claimed had not been given to the sureties, and the costs of said action had been paid. It was held that the lien of the attorneys did not prevent the counterclaim from being set-off against the plaintiff's cause of action; that notice that the attorneys claimed a lien should have been given to the sureties, and the lien enforced in an action brought for that purpose by the attorneys. In such an action, it seems, the counterclaim would be of no avail.

The attorney has a lien on motion costs ordered in favor of his client and as equitable assignee thereof, which lien attaches the instant the costs are due. Place v. Hayward, 8 N. Y. C. P. 352. In this case an order granting costs and an allowance to the defendant in an action against the plaintiff as executor, but not against him personally, was, on rehearing, reaffirmed by the special term. The general term, upon appeal, affirmed the order thereupon entered. An appeal by the defendant to the court of appeals from the order of affirmance was dismissed with costs to the plaintiff. It was held that such costs of appeal were motion costs, and that plaintiff's attorney had a lien thereon, which would prevent their being offset against the judgment recovered by the defendant.

In Hayes v. Carr, Supm. Ct. Dec. 13, 1887, the defendant was the attorney for the defendant in an action in which the plaintiff herein was the plaintiff. At the time of the commencement of that action, the defendant therein agreed that all costs adjudged to him in that action should belong to his attorney and become his property as compensation for his services therein. That action resulted in a judgment against the plaintiff therein for costs, which was assigned to said attorney. During all this time, the defendant in that action was legally indebted to the plaintiff therein. The plaintiff endeavored to offset part of such debts against the judgment. And it was held that the judgment, being entirely for costs and having been assigned to the attorney, was protected from any offset in favor of the plaintiff.

Note on "Attorney's Lien."

An examination of the authorities upon this question discloses much uncertainty respecting the rights of the parties. But in the case of Davidson *v.* Alfaro, 80 N. Y. 660, the judgment assigned to the attorney was for damages as well as costs, and the attorneys were protected against offsets, to the extent of the costs. In Perry *v.* Chester, 53 N. Y. 244, it was decided that a party, having a judgment against another, was not entitled to set it off against a judgment for costs in a subsequent litigation against the rights of the attorney who obtained the same.

In Tunstall *v.* Winton, 31 Hun, 219; affirmed 92 N. Y. 646, the defendant moved to have the plaintiff's proceedings stayed because of the non-payment by the plaintiff of certain costs, which had been awarded to the defendant upon the reversal of an order for his arrest. This motion was denied. The order denying it was affirmed at the general term, but reversed by the court of appeals. The action was subsequently tried, and a verdict rendered, and costs taxed, in favor of the plaintiff. Upon the plaintiff's motion, an order was made setting off the costs awarded to the defendant on his appeal to the court of appeals against an equal amount of the general costs awarded to the plaintiff. And it was held that the costs of the successful appeal legally belonged, without any assignment, to the defendant's attorney; that they could not be so set off against the general costs awarded to the plaintiff, and the order so directing should be reversed.

It has been questioned whether even the lien of the attorney is not superior to the right of set-off by way of motion, Davidson *v.* Alfaro, 16 Hun, 353, although it may not be maintainable against an action. Fermenich *v.* Bovee, 1 Id. 532. § 779 of the Code, providing for the set-off of motion or interlocutory costs, does not sanction the order; for that was designed only to provide for the collection, or set-off, of such costs by the party entitled to receive them. Certainly it has provided no authority by which the costs belonging to the attorney can be absorbed by a debt owing from his client. That would be taking the demand due to one person to pay a demand owing by a different person, which would clearly be improper. Tunstall *v.* Winton, *ante.*

A party having a judgment against another is not entitled to set it off against a judgment for costs in a subsequent litigation, commenced by such party, against the rights of the attorney who obtained the latter judgment which right was secured by an express contract in writing, transferring such costs to him before any judgment was rendered. Perry *v.* Chester, *ante.* Such a contract is valid, and if founded upon professional services to be rendered in the case, the consideration is ample and meritorious. If such a transfer is denied to a party, he may be practically deprived of the right of interposing a defense. A person sued has a right to secure his attorney with the prospective costs against his adversary in consideration of the services to be rendered in earning such costs. Id.

In Saunders *v.* Gillette, 8 Daly, 184, the court of common pleas expressly held that the lien of the attorney is subject to the equitable right of set-off

between the parties. But it has been since held by the same court that the costs belong to the attorney, and his right to them cannot be taken away by a set-off. Turno *v.* Parks, 2 How. N. S. 35. The superior court in Naylor *v.* Lane, *ante*, declared the lien of the attorney to be an equitable assignment of the judgment to him, and not subject to set-off, and that no notice of the other party is necessary to protect his rights. But the supreme court seemed to hold a contrary doctrine in the case of Garner *v.* Gladwin, 12 W. Dig. 10, where it was held that the right to set-off depended upon whether there was or was not an assignment in fact from the party to his attorney. This would clearly appear to negative a proposition that they were not inherently subject to set-off by reason of being costs which the attorney could claim as a matter of legal right.

In Davidson *v.* Alfaro, 80 N. Y. 660, the court of appeals declined to pass upon the question, stating that it does not appear as clear from the decisions as it ought to be how far this right of lien will so stand in the way of a set-off sought in an equitable action; but, as the court below recognized this lien, so far as taxable costs are concerned, as not subject to the right of set-off, it is fairly inferable from the context that the court consented to the doctrine there enunciated. The cases of Perry *v.* Chester, *ante*, and Zogbaum *v.* Parker, 55 N. Y. 120, clearly support this view; so that it must be held that the taxable costs are not subject to set-off. This, of course, does not exist by reason of any legal right, for in law this lien would be disregarded in an action to compel set-off, 2 Robt. 640, but is discretionary, Perry *v.* Chester, *ante*, and the courts equitably interfere to protect the attorney's interests. But these interests are protected, not because the costs belong to the attorney, but because the courts will in equity preserve to the plaintiff or defendant, as the case may be, so much of the judgment as equals the amount of the lien. It is true that this is for the protection and benefit of the attorney who, as an officer of the court, claims special consideration, but it is purely incidental, and does not arise by reason of any ownership, by him, of the costs. He doubtless has a lien for his services in the particular case, as a mechanic would upon the product of his labor; and equity intervenes to save it for him; but this lien will ordinarily be measured by his taxable costs, though it may embrace a further fee, and would not always be limited to such costs, if a special contract has been made in good faith between the client and his attorney. It must however refer to his services in the particular action.

The equitable lien of the attorney is superseded by the statute of set-off, Nycoll *v.* Nycoll, 16 Wend. 446, and is no bar to the right of set-off of one judgment against another. Roediger *v.* Simmons, 2 Abb. N. C. 279. Some cases suggest a distinction between one presented by an action directly brought to effect such set-off, and a mere motion for that purpose, but the court in the case last cited held that it could not perceive any ground for any contrariety of decisions.

The courts have declared against the lien of an attorney, when in an

action the statutory right of set-off was invoked, making a distinction between motions for that purpose and actions brought.    Prouty v. Swift, 10 Hun, 232.

The lien of the attorney grows out of the services rendered and after they are rendered, as a general rule, and are not necessarily the offspring of an agreement securing it.    A lien is, however, different from an assignment, especially where the latter is founded not only upon services rendered but to be rendered, and which services to be rendered are the equivalent of so much money paid as those services would be worth.

The questions touching an attorney's lien, and his rights under an equitable assignment for the payment of his costs and compensation, may be heard and determined upon petition and reference.    Brown v. Mayor, 11 Hun, 21 ; Rooney v. Second Ave. R. Co., ante ; McGregor v. Comstock, ante ; Richardson v. R. R. Co., 7 Hun, 69.

The law of this state in respect to the lien of an attorney for costs seems to be well settled.    Aside from the specific lien on deeds, papers and valuables in his hands as attorney, and which may be held for any general indebtedness for services, he has a lien for his costs in an action prosecuted by him, upon the recovery of a judgment.    Brown v. Mayor, ante.    This formerly extended only to the taxable costs which were the legal measure of his compensation.    But under the Code, which authorizes express or implied agreements between attorney and client as to such compensation it embraces any amount expressly or impliedly agreed upon as well as such part of the taxable costs and disbursements as may belong to him. Id.; Rooney v. Second Ave. R. Co. ante; Sherwood v. Buffalo & N. Y. R. R. Co., 12 How. 136; Haight v. Holcomb, ante; Pindar v. Morris, 3 Caines, 165; Bradt v. Koon, 4 Cow. 416; Howland v. Taylor, 6 Hun, 237; Bartle v. Gilman, 18 N. Y. 260; Moore v. Westervelt, 3 Sand. 762.    Before 1879, no lien arose until there was a recovery of judgment.    Pulver v. Harris, ante; Martin v. Hawks, ante; Shank v. Shoemaker, ante.

Under the authorities, if a client has made an agreement with his attorney that the latter should have for his compensation a stipulated share of all moneys collected or received, this will, in the recovery of judgment, operate as an equitable assignment.    Brown v. Mayor, ante; Rooney v. Second Ave. R. Co., ante; Ely v. Cooke, ante; McGregor v. Comstock, Id. 237.

Where the damages and costs are recovered in the same action, in favor of different parties, the plaintiff is entitled to insist upon the set-off of one against the other, unless an assignment has been previously made to the defendant's attorney, transferring to him a paramount right to demand and collect such costs.    Garner v. Gladwin, 12 W. Dig. 9.    This point was considered and so held in Willett v. Starr, 8 John. 123; Porter v. Lane, Id. 357; Jackson v. Randall, 11 Id. 405; Ross v. Dole, 13 Id. 307; Abernathy v. Abernathy, 2 Cow. 413.    If such transfer has been actually made by the defendant to his attorney prior to the verdict, its effect will be

Note on "Attorney's Lien."

to deprive the plaintiff of his right to set off the costs recovered by the defendant. Garner *v.* Gladwin, *ante;* Firmenich *v.* Bovee, 1 Hun, 532; Prouty *v.* Swift, 10 Id. 232; Perry *v.* Chester, *ante.*

In an action upon contract, where the recovery does not exceed the amount of an offer of judgment which has been made to the plaintiff and defendant's costs are taxed and a judgment for the plaintiff entered by the clerk for the amount of his recovery and costs, less the defendant's costs, though the defendant's attorney objected to the setoff on the ground that the costs were his property, it was held that the attorney could only have an interest in the costs after defendant's right to them was established; and that, as they were primarily a debt due by plaintiff to the defendant, the set-off was applicable. Buckley *v.* Back, 54 Super. 300.